276 So.2d 524 (1973)
BISCAYNE CONSTRUCTION, INC., a Florida Corporation, Appellant,
v.
WESLEY CONSTRUCTION COMPANY, a Florida Corporation, and Stran-Steel Corporation, a Foreign Corporation, Appellees.
Nos. 72-1134, 72-1135.
District Court of Appeal of Florida, Third District.
April 24, 1973.
Rehearing Denied May 8, 1973.
*525 Lurie & Goethel, Miami, for appellant.
Edward C. Vining, Jr. and R.M. MacArthur; Pallot, Stern, Proby & Adkins and Manuel Vazquez, Miami, for appellees.
Before PEARSON, CHARLES CARROLL and HAVERFIELD, JJ.
PER CURIAM.
In these consolidated appeals, plaintiff-appellant seeks review of final summary judgments entered in favor of defendant-appellees.
Appellee Wesley Construction Company was the general contractor for the erection of structural steel buildings at the Tamiami Airport. Appellee Stran-Steel Corporation was the subcontractor which supplied the pre-designed and prefabricated structural steel buildings. The appellant, Biscayne Construction, Inc., contracted with Wesley Construction to erect five of the buildings supplied by Stran-Steel. During erection, fabrication errors were discovered and as a result, appellant's employees had to spend additional time in correcting these errors of manufacture made by Stran-Steel. A meeting in September 1967 was held between appellant and both appellees which allegedly guaranteed payment for the extra work performed by the appellant. Biscayne Construction was to bill appellee Wesley which in turn would bill appellee Stran-Steel for the additional work. Subsequently, appellant made demand for payment for this further work, but was never paid. Appellant filed suit against appellees for damages. The first trial resulted in a mistrial. More discovery was had and thereafter both appellant and appellees moved for summary judgment. Thereupon the court entered summary judgment in favor of appellees, Wesley and Stran-Steel.
On appeal, plaintiff-appellant contends the lower court erred in granting summary judgment in favor of appellee Wesley Construction Company and appellee Stran-Steel Corporation. We agree.
In determining on appeal from a summary final judgment whether defendants carried their burden of conclusively demonstrating the nonexistence of material issues of fact, the appellate court considers the record in light most favorable to the plaintiff. Brandeis v. Felcher, Fla.App. 1968, 211 So.2d 606 and 2 Fla.Jur. Appeals § 307 (1963).
A search of the record reveals that plaintiff, Biscayne Construction, Inc., as a subcontractor of Wesley Construction Company, accomplished certain additional work at extra cost to Biscayne. At the September 1967 meeting, appellee-defendants Stran-Steel and Wesley were put on notice of these defects and specification nonconformance of the structural steel buildings which Biscayne was to erect. Further, at that meeting both defendant corporations agreed to compensate the plaintiff for the *526 additional required work which it had to perform as a result of these defects and nonconformance.
In light of the above facts, we find enough dispute involved to raise genuine issues of fact in the matter and, thus, we hold the lower court erred in granting summary judgment to both Wesley Construction Company and Stran-Steel Corporation.
In another suit in federal court, appellee Wesley counterclaimed against appellee Stran-Steel and contended that it (Wesley) suffered losses by the time and expense incurred by Biscayne in correcting the errors of manufacture while erecting the buildings. This counterclaim was found to be without merit in that federal suit.
In its brief, defendant-appellee Stran-Steel Corporation argued that the instant suit was barred as a result of the dismissal of Wesley's counterclaim in Stran-Steel's suit in federal court which, being a court of competent jurisdiction, rendered final judgment on the merits. We cannot agree.
It is basic that to make a matter res judicata there must be present the following elements: (1) identity in the thing sued for, (2) identity of the cause of action, (3) identity of the quality or capacity of the person for or against whom the claim is made. If these requirements are not met, the doctrine of res judicata does not apply. 19 Fla.Jur. Judgments and Decrees § 111 (1958) and cases cited therein.
Clearly, plaintiff Biscayne Construction was not a party to the federal action between Stran-Steel and Wesley. Further, Wesley's counterclaim was dismissed and, therefore, was not presented to the jury.
In light of the above, it follows then that appellee's argument must fail.
Accordingly, the judgment appealed is reversed.
Reversed and remanded for further proceedings consistent herewith.