291 So.2d 35 (1974)
CAPITAL NATIONAL BANK OF MIAMI, Now Known As Peoples Downtown National Bank, a National Banking Association, Appellant,
v.
CHANCELLOR PROPERTIES, INC., a Florida Corporation, Appellee.
No. 72-1403.
District Court of Appeal of Florida, Third District.
February 12, 1974.
Rehearing Denied March 25, 1974.
Ward, Ward, Straessley & Heath, Prunty, Ross, DeLoach & Olsen, Miami, for appellant.
Lazan & Trute, Bay Harbor Island, Courshon & Berk, Miami Beach, Leo Greenfield, North Miami, for appellee.
Before BARKDULL, C.J., and CARROLL and HENDRY, JJ.
BARKDULL, Chief Judge.
Appellant, defendant in the trial court, seeks review of an adverse final judgment determining the rights of the plaintiff to share in the payments on certain loans, and that the defendant owed a fiduciary duty to plaintiff to protect the collateral securing these loans.
The record on appeal reveals that the appellant-defendant, Capital National Bank of Miami, made loans to Jules Sokoloff, president of Yarmouth Steamship Company and owner of the SS San Andres. Capital Bancshares, Inc. agreed to participate in the loans. Bank issued to Bancshares a Certificate of Participation in the amount of $357,163.68, the exact amount of a loan previously made by Bank to Yarmouth, *36 which loan was secured by a promissory note from Yarmouth and by a ship's mortgage on the SS San Andres. Bancshares paid Bank $357,163.68 for this certificate. The Certificate of Participation represented a 100% participation by Bancshares in this particular loan. Bank did not transfer or assign to Bancshares the promissory note and the ship's mortgage in favor of Bank which secured the loan, and Bank undertook the obligation of collecting this loan for Bancshares.
Some time before August 4, 1967, Sokoloff entered into an agreement with the Hochmans of LaLinda, Inc. to embark on a joint shipping venture, using the SS San Andres. Sokoloff and the Hochmans approached the Bank to get a release of the ship's mortgage on the SS San Andres. On August 4, 1967, an agreement was entered into between the Hochmans as first party, Sokoloff as second party, and Bank and Bancshares jointly as third parties. The agreement embraced the sum of $357,163.68 owed to Bancshares by reason of the participation and the sum of $262,680.12 owed to Bank by Sokoloff on a separate loan, for a total obligation of $619,843.80. Under the agreement, the Hochmans assumed a portion of the total debt owed by Sokoloff and they executed a series of promissory notes to the Bank in the amount of $350,000.00. Bancshares agreed to release its 100% interest in the ship's mortgage on the SS San Andres in exchange for a 57% interest in the combined obligation of $619,843.80 owed to Bank and Bancshares jointly by Sokoloff. Bancshares also agreed to accept, as substitute security, its proportionate interest [57%] in the notes executed by the Hochmans and an assortment of collateral held by Bank as security on other loans made to Sokoloff.
Regarding the interpretation of this August 4, 1967 agreement, plaintiff claimed, and the trial court found, that since the Hochmans' notes were made payable only to Bank and since Bank had title to the other underlying collateral, Bank entered into a fiduciary relationship with Bancshares under the agreement. By reason of this fiduciary relationship, Bank had the obligation to use its best efforts to collect on the indebtedness, to make proportionate distribution to itself and Bancshares, and also to protect the interest of Bancshares in the collateral. The trial court rejected the argument of Bank that the proper interpretation of the agreement was that the Bank be paid first from the proceeds of the Hochmans' notes and from the collateral, and that Bancshares' participation in the proceeds be subordinated to the interest of the Bank.
In December, 1968, Bancshares assigned its interest in the Certificate of Participation and in the August 4, 1967 agreement to Comutrix. In January, 1969, the Bank acknowledged in writing the valid assignment from Bancshares to Comutrix. Sometime thereafter, the Hochmans, after having paid $150,000.00 on the notes [none of which was distributed to Bancshares], defaulted on their payments to the Bank. Bank filed suit against the Hochmans in Aruba, N.A. for the $200,000.00 balance due. The Hochmans then filed suit against Bank, Bancshares, and others in the U.S. District Court, Southern District of Florida, for rescission of the August 4, 1967 agreement, and for damages arising from the breach of the agreement. Comutrix, assignee of Bancshares' interest, notified Bank of its objection to a proposed settlement of the Federal court suit and demanded its 57% interest in the proceeds already collected by Bank under the August 4, 1967 agreement. Thereafter, Comutrix assigned its rights in the Certificate of Participation and in the August 4, 1967 agreement to appellee-plaintiff, Chancellor Properties, Inc. Chancellor gave Bank written notice of its objection to the contemplated settlement in the action between Bank and the Hochmans, and moved to intervene in the Federal court suit. Chancellor's motion to intervene was denied; Bank, over Chancellor's objections, entered into a settlement agreement with the Hochmans; and the Federal court suit was dismissed with prejudice as to the *37 Bank and without prejudice as to the defendants, Sokoloff and Bancshares.
The settlement agreement between Bank and the Hochmans provided that, in consideration for $100,000.00 paid to Bank by the Hochmans, the Bank agreed to release the Hochmans from further liability for the $200,000.00 due on the promissory notes and to release all of Bank's and Bancshares' rights in the collateral securing the August 4, 1967 agreement. Pursuant to the settlement agreement, the Bank [to the date of trial] collected $75,000.00 from the Hochmans without making any distribution to Bancshares or its assigns. The balance of $25,000.00 was to be paid in June, 1972.
The trial court found that Bank and Bancshares [or its assigns] respectively had a 43%-57% interest in the proceeds of all the Hochmans' notes and the collateral; that prior to the settlement agreement Bank had recovered $150,000.00, amounting to all but $500.00 of the total amount it would have been entitled to [43%] under the August 4, 1967 agreement if the $350,000.00 of the Hochmans' notes had been paid in full; that plaintiff-Chancellor was entitled to recover all sums collected except $500.00 under the settlement agreement, which amount totalled $99,500.00 less plaintiff's proportionate share of 57% of the collection expenses of the Bank. The trial court also found plaintiff entitled to $100,000.00 damages resulting from Bank's total disregard of plaintiff's timely objection to Bank's settlement with the Hochmans, and the breach by Bank of its fiduciary duty in releasing [under the settlement agreement] the balance due on the Hochmans notes, which was the exclusive property of Chancellor, excepting $500.00.
After trial, defendant filed a motion for rehearing without mentioning the defense of res judicata, that the action by Chancellor in the trial court was barred by the prior Federal court action. Defendant subsequently raised this defense in a supplemental motion for rehearing. The trial court rejected this defense because it had never been pleaded, raised as an issue at trial, nor litigated. This appeal ensued.
The principal points at issue on this appeal are: (1) Whether the trial court erred in refusing the late defense of res judicata, and (2) Whether the trial court erred in finding a fiduciary relationship between Capital National and Bancshares and its assignees. We fail to find either of these points to be well-taken, and affirm the action of the trial judge.[1]
It is seriously doubted if the Federal adjudication could have been res judicata to the present case, when the court refused to permit the appellee to intervene therein and specifically dismissed any rights that it attempted to assert or defenses therein without prejudice. But, even if this action would have represented an appropriate bar under the plea of res judicata, such defense was never tendered and, certainly, there was no error on the part of the trial judge in refusing the attempt to raise this matter subsequent to the entry of the final judgment herein. Dowler's Court v. Florida Hotel and Restaurant Commission, Fla.App. 1962, 148 So.2d 288; Babe, Inc. v. Baby's Formula Service, Inc., Fla. App. 1964, 165 So.2d 795; Biscayne Construction, Inc. v. Wesley Construction Company, Fla.App. 1973, 276 So.2d 524; Rules 1.110(d), 1.140(h), R.C.P., 30 F.S.A.
Lastly, we find no error on the part of the trial judge in finding that a fiduciary relationship existed between Bank and Bancshares [together with its assignees and successors] under the agreement dated August 4, 1967. The agreement, by its terms, clearly created a fiduciary relationship *38 and a duty on the part of the collecting bank [Capital] to account to Bancshares [or its assignees or successors] for the funds it so collected on a pro rata basis, less expenses of collection. Vol. 6, Michie on Banks and Banking, Ch. 10, § 59; 10 Am.Jur.2d, Banks, §§ 303, 700, 703; 9 C.J.S. Banks and Banking §§ 161, 235. Obviously, the Bank breached its fiduciary duty under this agreement when it released the evidence of indebtedness executed by the Hochmans and the other collateral at the time of the settlement of the Federal litigation, the effect of which was to destroy all of the collateral then available to insure payment of the obligation then held by Chancellor. The original notes and the collateral having been given to the Hochmans or their interests, the appellee was left with no evidence of the obligation and no collateral to encourage payment of same. In this connection, see: Vol. 6, Michie on Banks and Banking, Ch. 10, § 59; 9 C.J.S. Banks and Banking § 235.
Therefore, for the reasons above stated, the final judgment under review is hereby affirmed.
Affirmed.
NOTES
[1] There has been some contention that the trial court also erred in the failure to permit testimony from a deputy regional administrator of national banks and the introduction into evidence of certain reports by a deceased bank examiner. We have examined this issue and find it not to present any case for a finding of error on the part of the trial judge. Mastan Company, Inc. v. American Custom Homes, Inc., Fla.App. 1968, 214 So.2d 103; Holt v. Grimes, Fla.App. 1972, 261 So.2d 528; Fla. Stat. § 92.36(2), F.S.A.