443 So.2d 111 (1983)
3M ELECTRIC CORPORATION, Acadia Development Corporation, Miami Gardens Development Corporation and Florida Insurance Guaranty Association, Appellants,
v.
Mario VIGOA and Maria Vigoa, Appellee.
Nos. 82-35, 82-111.
District Court of Appeal of Florida, Third District.
June 21, 1983.
Rehearing Denied September 12, 1983.
Haddad, Josephs & Jack and Paul Richard Bloomquist; Marlow, Shofi, Ortmayer, Smith, Connell & Valerius and Joseph H. Lowe and Susan J. Silverman, Miami, for appellants.
Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy & Graham, and Richard Blomqvist and Richard A. Sherman, Miami, for appellees.
Before HENDRY, BASKIN and JORGENSON, JJ.
JORGENSON, Judge.
The Vigoas brought a negligence action founded upon injuries sustained by their minor child. 3M Electric Corporation, Acadia Development Corporation and Cosmopolitan Mutual Insurance Company were joined as defendants. 3M counterclaimed for contribution, alleging that the Vigoas failed to exercise reasonable care in supervising their child. The counterclaim was dismissed. The order of dismissal was affirmed by this court upon a holding that Florida's intrafamily tort immunity doctrine precluded the contribution claim. See 3M Electric Corp. v. Vigoa, 369 So.2d 405 *112 (Fla. 3d DCA 1979) [hereinafter cited as 3M Electric Corp. I]. Miami Gardens Development Corporation was then joined as an additional defendant. Thereafter, 3M refiled its counterclaim finding encouragement in this court's decision in Quest v. Joseph, 392 So.2d 256 (Fla. 3d DCA 1980), quashed, 414 So.2d 1063 (Fla. 1982), wherein we expressly receded from 3M Electric Corp. I and held that a contribution claim may be maintained against the parent of a minor child plaintiff. The counterclaim was again dismissed. Florida Insurance Guaranty Association, Cosmopolitan's successor, was then joined as an additional defendant. Acadia, Miami Gardens and Florida Insurance counterclaimed against the Vigoas for contribution. 3M moved to reinstate its contribution counterclaim. Acadia, Miami Gardens and Florida Insurance's counterclaim was dismissed and 3M's motion to reinstate its counterclaim was denied by the trial court upon a finding that "Although Quest v. Joseph changed the then existing law of 3M Electric Corporation v. Vigoa, it is the prerogative of the appellate court rather than the trial court to change the `Law of the Case' herein if it so desires."
Because we do so desire, for the reasons which follow, we change the law of this case, reverse and remand for further proceedings consistent with the views expressed herein.
In so doing we recognize that insofar as 3M was concerned it was the trial court's duty to follow the law of the case as set forth in 3M Electric Corp. I; for doing that which he should, the trial court will be commended, not criticized. See Beverly Beach Properties, Inc. v. Nelson, 68 So.2d 604 (Fla. 1953), cert. denied mem., Rensta v. Beverly Beach Properties, Inc., 348 U.S. 816, 75 S.Ct. 27, 99 L.Ed. 643 (1954). The law of the case announced in 3M Electric Corp. I, however, was the law of the case only as to 3M, not Acadia, Miami Gardens and Florida Insurance, which were not parties to the counterclaim there appealed and therefore were without an opportunity to argue the issue. See Gordon v. Gordon, 59 So.2d 40 (Fla.), cert. denied mem., 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952); Dixie Farms, Inc. v. Hertz Corp., 343 So.2d 633 (Fla. 3d DCA 1977); Rader v. Otis Elevator Co., 327 So.2d 857 (Fla. 1st DCA), cert. denied mem., 336 So.2d 602 (Fla. 1976); Biscayne Construction, Inc. v. Wesley Construction Co., 276 So.2d 524 (Fla. 3d DCA), cert. denied mem., 284 So.2d 224 (Fla. 1973); Seaboard Coast Line Railroad Co. v. Industrial Contracting Co., 260 So.2d 860 (Fla. 4th DCA 1972).
As for 3M, in Strazzulla v. Hendrick, 177 So.2d 1 (Fla. 1965), the Florida Supreme Court most recently established the criteria under which a court may reconsider and correct erroneous rulings which have become the law of the case. We therefore turn to that analysis for guidance for our conclusion that the law of the case sub judice must be changed. An appellate court should reconsider a point of law previously decided only as a matter of grace; such reconsideration is not a right and should not be made save in unusual circumstances, for the most cogent reasons, where manifest injustice will result from rigid adherence to the law of the case. Strazzulla at 4. There should be no reconsideration when such would amount to nothing more than a second appeal of a question determined on the first appeal. Id. In short, the law of the case does not rigidly bind a court to its former decisions; it is only addressed to its "good sense." Id. (citing Higgins v. California Prune & Apricot Grower, Inc., 3 F.2d 896, 898 (2d Cir.1924) (Learned Hand, J.)). Where there has been an intervening decision by a higher court contrary to the decision reached on the former appeal, the law of the case should be corrected, thereby making unnecessary resort to the higher court for relief. Strazzulla 177 So.2d at 4.
Perhaps the `good sense' of which Judge Hand spoke comes down to a calculus of the relative unseemliness of a court's altering a legal ruling as to the same litigants, with the danger that this may reflect only a change in the membership of the tribunal, and of its applying one *113 rule to one pair of litigants but a different one to another pair identically situated. This explains why a clear conviction of error on a point of law that is certain to recur ... will prevail over `the law of the case' whereas `mere doubt' will not. In the former instance the court knows that later litigants will be governed by a different rule; in the latter that is only a possibility.
Zdanok v. Glidden Co., 327 F.2d 944, 953 (2d Cir.1964), quoted in Strazzulla, 177 So.2d at 4-5.
In 3M Electric Corp. I, we held that a defendant could not seek contribution from the parent of a minor child plaintiff. In Quest we held to the contrary, while this case was still pending below, and expressly acknowledged the error we committed with 3M Electric Corp. I, on rehearing confirming "the consignment of [3M Electric Corp. I] to oblivion," Quest, 392 So.2d at 258. In quashing our decision in Quest, the supreme court in fact modified our holding to the extent that contribution is available against the parent of a minor child plaintiff only to the extent of existing liability insurance coverage for the parents' tort against the child. See Quest, 414 So.2d at 1065. That decision is now the law of this court, see Quest v. Joseph, 416 So.2d 27 (Fla. 3d DCA 1982), the law of this state and must, in the interest of justice, be the law of this case. We now, therefore, truly and finally consign 3M Electric Corp. I to the oblivion it deserves, and with it the late law of this case.
Reversed and remanded for further consistent proceedings.