PER CURIAM.
This case consists of three consolidated appeals from a contempt order (No. 87-1870), vacation of a money judgment (No. 87-2043), and denial of a motion to discharge a notice of lis pendens (No. 88-1352).

No. 87-1870

In this appeal, Ungar attempts to relitigate issues previously decided by the trial court and this court. Ungar v. Petro Gas Industrienlagen GMBH, 488 So.2d *1100 930 (Fla. 3d DCA 1986) (Petro Gas I); Ungar v. Petro Gas Industrielagen [sic] GMBH, 467 So.2d 1012 (Fla. 3d DCA 1985) (Petro Gas II). The trial court properly refused to set aside the contempt order, since it was without jurisdiction to do so. Brunner Enters., Inc. v. Department of Revenue, 452 So.2d 550 (Fla.1984) (lower court cannot change the law of the case as decided by the highest court hearing a case); 3M Elec. Corp. v. Vigoa, 443 So.2d 111 (Fla. 3d DCA 1983), rev. denied, 447 So.2d 888 (Fla.1984) (appellate court should not reconsider points of law previously decided when such would amount to nothing more than a second appeal of a question determined on the first appeal).

No. 87-2043

The trial court erred by vacating the second money judgment which arose from the contempt order which this court twice affirmed. Petro Gas I and II. Although the trial court could, in its discretion, choose not to assess additional money sanctions, it could not, in light of prior affir-mances of the October, 1983, contempt order, decline to perform the merely ministerial task of computing and reducing to judgment the $500 per day contempt sanction. Brunner Enter., Inc., 452 So.2d at 552.

No. 88-1352

The special master had abundant evidence to reach the conclusion that Vimarly, the family holding company, held title to the condominium units for Ungar. The trial court therefore properly adopted the master’s report. Bragassa v. Bragassa, 505 So.2d 556 (Fla. 3d DCA 1987) (trial court cannot overturn master’s findings if they are supported by competent evidence); Ciccarelli v. Ciccarelli, 352 So.2d 1204 (Fla. 4th DCA 1977) (where there is conflicting testimony and the veracity of witnesses is a question to be considered, the master who has heard the witnesses and observed their demeanor while testifying is in a better position than the trial court to determine such conflicts; the trial court should not overturn those findings unless they are clearly erroneous).
No. 87-1870: order of the trial court affirmed; No. 87-2043: order reversed and cause remanded with directions to reinstate the second contempt judgment; No. 88-1352: order affirmed.