644 So.2d 563 (1994)
SCHINDLER ELEVATOR CORPORATION, Appellant,
v.
Digna VIERA, as personal representative of the Estate of Ismael Viera, deceased, Appellee.
No. 93-1227.
District Court of Appeal of Florida, Third District.
October 12, 1994.
Rehearing Denied November 23, 1994.
Heinrich Gordon Batchelder Hargrove & Weihe, and Paula Revene, Fort Lauderdale, for appellant.
Spence, Payne, Masington & Needle, and A. Francisco Areces; Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, and Joel D. Eaton, Miami, for appellee.
*564 Before BASKIN, JORGENSON and GERSTEN, JJ.
PER CURIAM.
Appellant, Schindler Elevator Corporation (Schindler), appeals an adverse final judgment in this negligence action brought on behalf of Ismael Viera, the deceased. We reverse and remand for a new trial on liability because the trial court erred in denying Schindler's request to have the jury apportion the respective liability of a settling codefendant pursuant to Fabre v. Marin, 623 So.2d 1182 (Fla. 1993).
The deceased fell to his death in an elevator shaft while attempting to escape from an elevator that was stuck between floors. His wife, appellee Digna Viera (Viera), as personal representative of the estate, sued Dade County as the owner of the elevator, and Schindler as the company responsible for the elevator's maintenance. Viera claimed that Schindler was negligent in failing to properly service the elevator, and further alleged that the county was negligent in failing to follow proper safety precautions. Prior to trial, the county settled with Viera individually for $100,000, and also settled with the estate for $100,000.
At the conclusion of the evidence, Schindler requested that the county be listed on the verdict form for apportioning liability. The trial court denied the request, and the jury only considered the liability of Schindler and the deceased. The jury entered a total award in favor of Viera for $600,000, finding Schindler to be 75% at fault, and the deceased to be 25% at fault. After reducing the award by the percentage of the deceased's comparative negligence, and setting-off the $100,000 settlement which Viera had received from the county, the trial court entered final judgment against Schindler for $350,000.
We agree with Schindler that reversal is required under Fabre v. Marin, 623 So.2d at 1182. The Florida supreme court in Fabre held that section 768.81(3), Florida Statutes (1989), requires that the jury be given the opportunity to apportion liability among all persons responsible for an accident. The supreme court recognized that "the only means of determining a party's percentage of fault is to compare that party's percentage [of fault] to all of the other entities who contributed to the accident, regardless of whether they have been or could have been joined as defendants." Fabre v. Marin, 623 So.2d at 1185.
Accordingly, we remand for a new trial because the trial court erred in failing to instruct the jury to apportion the liability of the settling defendant, Dade County. See Fabre v. Marin, 623 So.2d at 1182; A.W. Chesterton v. Fisher, Nos. 93-2346, 93-2400 & 94-15, ___ So.2d ___ (Fla. 3d DCA Oct. 5, 1994); East West Karate Ass'n, Inc. v. Riquelme, 638 So.2d 604 (Fla. 4th DCA 1994).
On remand, the trial court is instructed not to consider the issue of damages, and to confine the issues on retrial to a determination of the negligence, comparative negligence and the apportionment of fault, if any, as to Dade County, Schindler, and the deceased. See Schindler Corp. v. Ross, 625 So.2d 94 (Fla. 3d DCA 1993); American Aerial Lift, Inc. v. Perez, 629 So.2d 169 (Fla. 3d DCA 1993), review granted, 637 So.2d 233 (Fla. 1994).
Reversed and remanded with instructions.