647 So.2d 892 (1994)
Mohammad H. ASHRAF, M.D., Appellant,
v.
Esperanza SMITH, as Personal Representative of the Estate of Zoila Cruz, Appellee.
No. 93-834.
District Court of Appeal of Florida, Third District.
November 9, 1994.
Opinion Denying Motion to Amend Notice of Appeal, Clarifying Decision, and Denying Rehearing January 11, 1995.
Stephens, Lynn, Klein & McNicholas and Philip D. Parrish, Miami, for appellant.
Spence, Payne, Masington & Needle, Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin and Joel D. Eaton, Miami, for appellee.
*893 Before HUBBART, BASKIN and GODERICH, JJ.
PER CURIAM.
Mohammad H. Ashraf, M.D., appeals an adverse final judgment entered in favor of plaintiff, Esperanza Smith, following a jury trial in Smith's medical malpractice wrongful death action. The trial court correctly denied Ashraf's request to include the hospital on the verdict form on the basis of this court's then controlling decision in Fabre v. Marin, 597 So.2d 883 (Fla. 3d DCA 1992); however, the Supreme Court's subsequent decision in Fabre v. Marin, 623 So.2d 1182 (Fla. 1993) requires reversal of the judgment and remand for a new trial on the issue of liability.
Appellant's remaining points lack merit.
Reversed and remanded.

ON MOTION TO AMEND NOTICE OF APPEAL and MOTION FOR CLARIFICATION
PER CURIAM.

I
We deny the defendant Dr. Mohammad H. Ashraf's motion to amend his notice of appeal to include his insurer, The Physicians Protective Trust Fund, as we lack the jurisdiction to permit such an amendment; in any event, the proposed amendment is entirely unnecessary. Our reversal of the judgment appealed from by Dr. Ashraf necessarily means that the trial court must, upon remand, vacate the judgment against The Physicians Protective Trust Fund upon proper motion. The insurer was not a party to the original action below and was only added to the judgment by virtue of the plaintiff's post-judgment motion pursuant to Section 627.7262, Florida Statutes (1991) (currently Section 627.4136) as Dr. Ashraf's insurer. The Physicians Protective Trust Fund's liability under the final judgment is entirely derivative of Dr. Ashraf's liability; our reversal of the judgment against Dr. Ashraf necessarily means that the judgment against his insurer must also be set aside.

II
We grant the plaintiff Esperanza Smith's motion for clarification. Our opinion is clarified as follows: the judgment against Dr. Ashraf is reversed, which necessarily means that the judgment against Dr. Ashraf's insurer, The Physicians Protective Trust Fund, must be vacated by the trial court upon proper motion after remand. The cause is remanded to the trial court with directions to conduct a new trial in which the jury should be instructed (1) that both Dr. Ashraf and Dr. Subramanian were negligent causes of the plaintiff decedent's death [in accord with the jury verdict returned below which we do not disturb by our reversal]; (2) that the jury should determine whether the hospital was also a negligent cause of the plaintiff decedent's death [the hospital was erroneously excluded from the jury verdict in this cause, Fabre v. Marin, 623 So.2d 1182 (Fla. 1993)]; and (3) that if, but only if, the jury finds against the hospital on that issue, it should then apportion the percentage of fault between Dr. Ashraf, Dr. Subramanian, and the hospital. If, however, at the retrial the jury should determine that the hospital was not a negligent cause of the plaintiff decedent's death, it will not be necessary for the jury to apportion fault at all, and the original judgment against Dr. Ashraf and The Physicians Protective Trust Fund should be reinstated. To the extent that the plaintiff seeks a rehearing in this cause, such motion is denied.