652 So.2d 893 (1995)
Rafael TORRES, et al., Petitioners,
v.
Hon. Rosemary Usher JONES, etc., et al., Respondents.
No. 94-2021.
District Court of Appeal of Florida, Third District.
March 15, 1995.
*894 Bailey Hunt & Jones and Raul A. Arencibia and Judith B. Greene, Miami, for petitioners.
Roy A. Ginsburg, County Atty., and Roy Wood and Charles Auslander, Asst. County Attys., Greenberg Traurig Hoffman Lipoff Rosen & Quentel and Stevan J. Pardo and Christopher L. Kurzner, Miami, for respondents.
Before JORGENSON, COPE and GODERICH, JJ.
PER CURIAM.
On a Motion to Enforce Mandate, we find the petitioner's position well taken and direct the trial court to follow the mandate of this court in Torres v. K-Site 500 Assocs., 632 So.2d 110 (Fla. 3d DCA 1994).
A trial court's role upon the issuance of a mandate from an appellate court becomes purely ministerial, and its function is limited to obeying the appellate court's order or decree. O.P. Corp. v. Village of North Palm Beach, 302 So.2d 130 (Fla. 1974); Berger v. Leposky, 103 So.2d 628 (Fla. 1958); Wilcox v. Hotelerama Assocs., Ltd., 619 So.2d 444 (Fla. 3d DCA 1993); Milton v. Keith, 503 So.2d 1312 (Fla. 3d DCA 1987). A trial court does not have discretionary power to alter or modify the mandate of an appellate court in any way, shape or form. Wilcox, 619 So.2d at 446. This court determined that the two defendants, K-Site 500 Associates and Chicago Title, were jointly and severally liable. It was error for the trial court to modify the final judgment on remand, and to change the law of the case as determined by the highest court hearing the case. Ungar v. Petro Gas Industrienlagen CMBH & Co. Bietriebs KG Dusseldorf, 532 So.2d 1099 (Fla. 3d DCA 1988) (citing Brunner Enters., Inc. v. Department of Revenue, 452 So.2d 550 (Fla. 1984)), rev. denied, 542 So.2d 991 (Fla. 1989).
The trial court is directed to enter a judgment for money damages in favor of the petitioners and against both K-Site and Chicago Title.