668 So.2d 996 (1995)
Harry L. SHUFFLEBARGER, M.D. and Harry L. Shufflebarger, P.A., Appellants,
v.
Valerie E. GALLOWAY as Personal Representative of the Estate of Rayal Bodden, deceased, Appellee.
Nos. 93-2841, 93-2854 and 94-517.
District Court of Appeal of Florida, Third District.
May 17, 1995.
Opinion Adopting on Rehearing February 14, 1996.
Stephens, Lynn, Klein & McNicholas and Philip D. Parrish, Miami, for appellants.
Wolpe, Leibowitz & Brotman; Berger & Chafetz, and Steven R. Berger, Miami, for appellee.
Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A. and Joel D. Eaton, Miami, as amici curiae, on behalf of Esperanza Smith, personal representative of the Estate of Zoila Cruz and Digna Viera, personal representative of the Estate of Ismael Viera.
Before JORGENSON, GERSTEN and GREEN, JJ.
Opinion Adopting Panel Opinion on Rehearing En Banc February 14, 1996.
PER CURIAM.
We find that in accordance with this court's recent decision in Ashraf v. Smith, 647 So.2d 892 (Fla. 3d DCA 1994), we affirm appellant's first point on appeal and find no merit to the remaining points. Similarly, we find no merit to the issue raised on the cross-appeal.
Affirmed.
Before SCHWARTZ, C.J., and BARKDULL, HUBBART, NESBITT, BASKIN, JORGENSON, COPE, LEVY, GERSTEN, GODERICH and GREEN, JJ.

ON REHEARING EN BANC
GREEN, Judge.
This is an appeal from a final judgment of the trial court following a jury trial finding Dr. Harry L. Shufflebarger and his professional association negligent for medical malpractice during the surgery of Rayal Bodden which ultimately claimed Mr. Bodden's life. In accordance with Fabre v. Marin, 623 So.2d 1182 (Fla.1993), the original panel opinion affirmed the ruling of the trial court that a new trial must be granted on the question of the negligence, if any, of Dr. Kahn, who was the attending anesthesiologist during the surgery. Dr. Kahn settled with the plaintiffs prior to trial, did not take part in the trial *997 and, because the trial predated Fabre, was not included on the verdict form. Since Dr. Kahn was not listed as a defendant on the verdict form, the jury, even if it believed Dr. Kahn to have been negligent, was unable to articulate a percentage amount that would reflect Dr. Kahn's liability for the damages sustained by the plaintiffs. The panel opinion further affirmed the trial court's denial of Dr. Shufflebarger's motion for a new trial on the amount of economic damages awarded and his fault for the medical malpractice. Shufflebarger v. Galloway, 668 So.2d 996 (Fla. 3d DCA 1995). See Fabre v. Marin, 623 So.2d 1182 (Fla.1993); Ashraf v. Smith, 647 So.2d 892 (Fla. 3d DCA 1994), rev. denied, 658 So.2d 989 (Fla.1995).
After the panel opinion was released, Dr. Shufflebarger moved for rehearing and rehearing en banc and raised the issue of intradistrict conflict. We found merit to the motion and asked for supplemental briefs from the parties on the question of whether there was a conflict between this court's decisions of Ashraf and Schindler Elevator Corp. v. Viera, 644 So.2d 563 (Fla. 3d DCA 1994). See Fla.R.App.P. 9.331(d)(3). The area of conflict concerned whether on remand there should be a complete retrial on the liability of all parties, as directed in Schindler Elevator Corp., or whether the retrial should be limited solely to a determination of the liability of the Fabre defendant, as directed in Ashraf. We have determined that there is an obvious intra-district conflict in the directives of Schindler and Ashraf which needs to be resolved by our court en banc. We resolve this conflict by adopting the procedure prescribed in Ashraf and receding from the procedure in Schindler.
The area of conflict between the cases involves whether Dr. Shufflebarger should be allowed to relitigate the question of his own negligence, already determined by the first jury, on remand. Dr. Shufflebarger argues on rehearing en banc that prejudicial error occurred in his first trial because the jury was not instructed that it could find Dr. Kahn solely responsible for the medical malpractice. Dr. Shufflebarger further argues that the prejudicial error will be compounded at the trial on the remand required by Fabre because the jury will be instructed that because Dr. Shufflebarger has already been found negligent in the earlier trial, he must be found negligent again. Thus, the second jury will also be unable to conclude that Dr. Kahn's negligence was the sole cause of death to Mr. Bodden.
We find Dr. Shufflebarger's argument to be without merit. The question of Dr. Kahn's negligence was in fact raised and litigated at the first trial. Dr. Shufflebarger was able to present expert evidence and to argue to the jury that even though Dr. Kahn was not present at trial, his negligence was the sole legal cause of the death of Mr. Bodden. This "empty chair"/intervening cause defense was rejected by the jury. Allowing Dr. Shufflebarger to relitigate the question of his own negligence would unfairly give him that proverbial second bite at a decided issue.
Moreover, there was evidence to support the first jury's finding that Dr. Shufflebarger was also negligent. Plaintiffs presented expert testimony to the effect that although the anesthesiologist is responsible for monitoring the patient's vital signs and for replacing any blood lost by the patient during the surgery, it is the surgeon who remains ultimately responsible for the patient's well-being; that there is an overlapping of obligations between the anesthesiologist and the surgeon. Thus, the jury acted well within its province in finding that Dr. Shufflebarger, as the surgeon in charge of the operation, was negligent and that his negligence was a legal cause of damage to the plaintiffs.
Finally, Dr. Shufflebarger has not presented any evidence of other errors in his first trial which would require us to order a new trial on the issue of his liability. This court has reversed and remanded causes for a new trial in post-Fabre cases where there was evidence of independent error which required a new trial, Kidron, Inc. v. Carmona, 665 So.2d 289 (Fla. 3d DCA 1995); State Farm Mut. Auto. Ins. Co. v. Lynch, 661 So.2d 1227 (Fla. 3d DCA 1995); A.W. Chesterton v. Fisher, 655 So.2d 170 (Fla. 3d DCA 1995); American Aerial Lift, Inc. v. Perez, 629 So.2d 169 (Fla. 3d DCA 1993), rev. denied, *998 659 So.2d 1085 (Fla.1995); Schindler Corp. v. Ross, 625 So.2d 94 (Fla. 3d DCA 1993), but that is not the case here.
Thus, on remand, testimony and evidence shall be received solely on the issue of the negligence, if any, of Dr. Kahn. The jury shall be instructed that as a matter of law, Dr. Shufflebarger was negligent. The jury shall also be instructed to determine whether Dr. Kahn was also at fault and, if so, whether his negligence was a legal cause of damage to the plaintiffs. If the jury determines that Dr. Kahn was also at fault, it shall then apportion the amount of damages established at the first trial between the two defendants. The trial court will then compute the settlement set-off in accordance with the dictates of Wells v. Tallahassee Memorial Regional Medical Ctr., Inc., 659 So.2d 249 (Fla.1995).
The decision of the panel opinion is adopted. No further motions for rehearing will be entertained.
AFFIRMED.