693 So.2d 1106 (1997)
SCHINDLER ELEVATOR CORPORATION, Appellant,
v.
Digna VIERA, as Personal Representative of the Estate of Ismael Viera, deceased, Appellee.
No. 96-1904.
District Court of Appeal of Florida, Third District.
May 21, 1997.
*1107 Heinrich, Gordon, Hargrove, Weihe & James and Kent Brown, Ft. Lauderdale, for appellant.
Needle Gallagher & Areces, Miami; Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, and Joel D. Eaton, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and COPE, JJ.
COPE, Judge.
Defendant-appellant Schindler Elevator Corporation appeals an order granting new trial. The questions presented are whether the new trial order is barred by the law of the case doctrine, and whether the new trial order is inconsistent with the Florida Supreme Court's recent decision in Nash v. Wells Fargo Guard Services, Inc., 678 So.2d 1262 (Fla.1996). We find no error on either issue and affirm the order under review.
This is the second appeal in this wrongful death action. Decedent Ismael Viera attempted to escape from an elevator which had stopped between floors. He fell to his death in the elevator shaft. The Personal Representative filed a wrongful death action which proceeded to trial against Schindler as the elevator maintenance company. Schindler Elevator Corp. v. Viera, 644 So.2d 563, 564 (Fla. 3d DCA 1994) (Viera I).[1] Following the then existing law in this district, the trial court refused Schindler's request to list the elevator owner, Dade County, on the verdict form for purposes of apportioning liability for noneconomic damages. 644 So.2d at 564. The jury found Schindler to be 75 percent at fault and the decedent to be 25 percent comparatively negligent. Schindler appealed.
During the pendency of the appeal, the Florida Supreme Court announced Fabre v. Marin, 623 So.2d 1182 (Fla.1993). The panel reversed the judgment on authority of Fabre and remanded for a new trial with the following instructions: "On remand, the trial court is instructed not to consider the issue of damages, and to confine the issues on retrial to a determination of the negligence, comparative negligence and the apportionment of fault, if any, as to Dade County, Schindler, and the deceased." 644 So.2d at 564 (citations omitted).
By motion for rehearing plaintiff argued that the negligence of Schindler and the comparative negligence of the decedent should be taken as established facts. Plaintiff argued:
At the retrial, the jury should be instructed (1) that both Mr. Viera and the defendant were negligent causes of Mr. Viera's death; (2) that it should determine whether Dade County was also a negligent cause of Mr. Viera's death; and (3) that, if it finds against the County on that issue, it should apportion the blame between Mr. Viera, the defendant, and the County. If at the retrial the jury should determine that Dade County was not a negligent cause of Mr. Viera's death, then the plaintiff's initial judgment against the defendant should be reinstated as of the date of its initial entry.
Rehearing was denied. Consequently, the case was remanded for a retrial on liability but not damages.
Thereafter other panels of this court accepted the theory which the plaintiff had unsuccessfully espoused in Viera I. See Shufflebarger v. Galloway, 668 So.2d at 997; Ashraf v. Smith, 647 So.2d 892 (Fla. 3d DCA 1994), review denied, 658 So.2d 989 (Fla. 1995). In Ashraf, the final judgment likewise had to be reversed because of the Florida Supreme Court's intervening decision in Fabre. In Ashraf the panel issued the following instructions for remand:
The cause is remanded to the trial court with directions to conduct a new trial in which the jury should be instructed (1) *1108 that both Dr. Ashraf and Dr. Subramanian were negligent causes of the plaintiff decedent's death [in accord with the jury verdict returned below which we do not disturb by our reversal]; (2) that the jury should determine whether the hospital was also a negligent cause of the plaintiff decedent's death [the hospital was erroneously excluded from the jury verdict in this cause, Fabre v. Marin, 623 So.2d 1182 (Fla.1993)]; and (3) that if, but only if, the jury finds against the hospital on that issue, it should then apportion the percentage of fault between Dr. Ashraf, Dr. Subramanian, and the hospital. If, however, at the retrial the jury should determine that the hospital was not a negligent cause of the plaintiff decedent's death, it will not be necessary for the jury to apportion fault at all, and the original judgment against Dr. Ashraf and The Physicians Protective Trust Fund should be reinstated.
647 So.2d at 893 (emphasis in original).
In Shufflebarger, this court granted rehearing en banc to consider the conflict between Ashraf and Viera I. 668 So.2d at 997.[2] The en banc court unanimously concluded that where the issues of negligence and comparative negligence were resolved in the first trial, and the only reversible error was the omission of a Fabre nonparty, it is unnecessary to reopen all of the liability issues. The en banc court followed Ashraf, and receded from Viera I. Id. Thus, where a jury has been prevented from properly considering apportionment because a Fabre nonparty was erroneously omitted from the verdict form, the solution is a new trial limited to the apportionment issue, not a new trial on all liability issues.
While the Shufflebarger en banc proceeding was pending, Viera I had been returned to the trial court. In accordance with the mandate in Viera I, the trial court conducted a retrial on all liability issues. The pendency of the en banc proceeding was called to the trial court's attention. During trial, plaintiff argued that the court should follow the procedure outlined in Ashraf and instruct the jury that Schindler and the decedent had been found negligent and comparatively negligent in the previous trial. The trial court took the position that it was bound by the remand instructions in Viera I and sent the case to the jury on all liability issues. This time the jury returned a verdict in favor of Schindler.
Thereafter, before a final judgment was entered by the trial court, this court announced its en banc ruling in Shufflebarger. Since the en banc Shufflebarger court had receded from Viera I, plaintiff moved for a new trial. The court granted the new trial, reasoning that it would work a manifest injustice to do otherwise since the en banc Shufflebarger court had explicitly overturned Viera I. Schindler has appealed the new trial order.
First, we conclude that this is one of the exceptional cases in which we should reconsider the law of the case because to do otherwise would work a manifest injustice. In so ruling, we follow 3M Electric Corporation v. Vigoa, 443 So.2d 111 (Fla. 3d DCA 1983), where the circumstances were essentially identical to the present case. See id. at 112. In 3M, as in the present case, this court receded en banc from an earlier panel decision while the earlier case was pending on remand. This court concluded that, as a matter of grace, it was appropriate to depart from the law of the case in order to avoid a manifest injustice. Id. (citing Strazzulla v. Hendrick, 177 So.2d 1 (Fla.1965); Beverly Beach Properties, Inc. v. Nelson, 68 So.2d 604 (Fla.1953)); see also State v. Owen, 22 Fla. L. Weekly S246, S247-48, ___ So.2d ___, ___ ___, [1997 WL 228419] (Fla.1997).
Second, we disagree with Schindler's argument that the new trial order must be overturned on account of the Florida Supreme Court's decision in Nash v. Wells Fargo Guard Services, Inc., 678 So.2d at 1263-64. In Nash, the Florida Supreme Court approved the Viera I decision. Schindler argues that by virtue of Nash, Viera I is now authoritative and Shufflebarger has been overruled sub silentio.
In Nash, plaintiff filed a personal injury action. At trial defendant requested the inclusion *1109 of a Fabre nonparty on the verdict form for purposes of apportioning noneconomic damages. Id. at 1263. As was true in the instant case, the trial court denied the motion and a verdict was awarded for plaintiff. See id. While the case was pending in the First District Court of Appeal, the Florida Supreme Court announced its decision in Fabre. Based on Fabre, the First District reversed and remanded for a new trial on all issues, including damages. 678 So.2d at 1263.
The Florida Supreme Court accepted jurisdiction based on conflict between Nash and three decisions from this court, including Viera I. The court stated:
We accepted jurisdiction in this case because in similar cases the Third District Court of Appeal has limited the scope of the new trial to liability and apportionment issues. Schindler Elevator Corp. [Viera I]; American Aerial Lift, Inc., v. Perez, 629 So.2d 169 (Fla. 3d DCA 1993); Schindler Corp. [v. Ross, 625 So.2d 94 (Fla. 3d DCA 1993)]. We agree with the Third District Court of Appeal that a reversal precipitated by Fabre errors does not affect the determination of damages. As a consequence, the reversal in this case should not have been extended to a new trial on damages.
678 So.2d at 1263-64. The court then went on to rule that the defendant in Nash had not properly pled or proved a claim for apportionment of fault to a nonparty, and that accordingly, the First District decision must be quashed and the original final judgment reinstated. The court concluded by stating, "we approve Schindler Elevator Corp. [Viera I], American Aerial Lift, Inc., and Schindler Corp. We also quash the decision below with directions to reinstate the judgment." 678 So.2d at 1265.
At no point did Nash mention this court's decision in Shufflebarger, even though Shufflebarger was announced four and one-half months prior to the decision in Nash. Further, from the opinion in Nash it appears that the only issue presented by the parties for Florida Supreme Court consideration was whether there should be (a) a new trial on liability and apportionment only, or (b) a new trial on all issues. There is no indication that anyone in Nash made the arguments advanced in Shufflebarger and Ashraf, namely, that where there has already been a determination of the issues of negligence and (where applicable) comparative negligence, there is no need on remand to retry those issues but, on the contrary, the remand can be confined to the issue of apportionment. We conclude therefore that the Nash decision did not sub silentio overrule Shufflebarger, and that Shufflebarger remains viable.[3]
For the reasons stated, we affirm the order granting new trial.
NOTES
[1] As explained later in this opinion, this court receded from Viera I in Shufflebarger v. Galloway, 668 So.2d 996, 997 (Fla. 3d DCA 1996) (en banc).
[2] The court granted leave to Viera to submit a brief amicus curiae in the en banc proceeding.
[3] We acknowledge that the Fourth District reached a different interpretation of Nash in Loureiro v. Pools by Greg, Inc., ___ So.2d ___ [1997 WL 66220] (Fla. 4th DCA 1997). The Loureiro panel concluded that because Nash specifically approved Viera I, Viera I is controlling instead of Shufflebarger. It is not clear that Loureiro`s discussion of this issue was necessary to the court's holding. Because the discussion appears to be dictum, we decline to certify direct conflict with Loureiro.