LEVY, Judge.
Plaintiff, Dr. Sambamurthy Subramani-an (“Dr.Subramanian”), appeals from an Order finding that the offer of judgment to defendant, Health Foundation Support Services of South Florida, Inc. d/b/a Cedars Medical Center, Inc. (“Cedars”) was not valid, and thereby, denying his Motion for Attorney’s Fees and Cost pursuant to section 768.79, Florida Statutes. We reverse.
The instant action stems from a law suit filed by the personal representative of the decedent patient against Dr. Subramanian and another doctor. In the original action, the trial court denied the inclusion of Cedars on the verdict form and the jury found each doctor 50% at fault. On appeal, this Court remanded the case for a new trial to permit consideration of Cedars’ negligence and to apportion fault accordingly. Ashraf v. Smith, 647 So.2d 892 (Fla. 3d DCA 1994). Prior to the new trial, Dr. Subramanian, individually and as assignee of Surgeon’s Professional Liability Trust Fund (“trust fund”), settled with the personal representative. Pursuant to the terms of the settlement agreement, Dr. Subramanian obtained a release which enabled him to pursue a contribution claim against Cedars.
Thereafter, Dr. Subramanian filed suit against Cedars. On March 7, 1997, Dr. Subramanian served a Proposal for Settlement pursuant to Florida Rule of Civil Procedure 1.442 and section 768.79 in the contribution claim. Cedars did not accept *443 the proposal and the ease proceeded to trial. Calendar call was scheduled for April 21, 1997 and the case was calendared on a two-week trial docket beginning April 28, 1997. The jury returned a- verdict against Cedars and the- doctors finding Cedars 96% at fault, and Dr. Subramanian and the other doctor, 2% at fault each. Pursuant to section 768.79, Dr. Subramani-an filed a Motion for Attorney’s Fees. The trial court found that the offer of judgment was untimely served and denied the motion. We reverse.
The offer of judgment filed by Dr. Su-bramanian was timely filed and in proper form consistent with Rule 1.442, Florida Rules of Civil Procedure. Therefore, Dr. Subramanian is entitled to his attorney’s fees pursuant to section 768.79, Florida Statutes. Accordingly, we reverse the Order denying fees and remand for a determination of the amount of fees to be assessed.
Reversed and remanded with instructions.