813 So.2d 146 (2002)
LIDSKY VACCARO & MONTES, P.A., Appellant,
v.
Humberto MOREJON, as the Guardian and Natural Father of Javier Morejon, a minor, Appellee.
No. 3D01-1662.
District Court of Appeal of Florida, Third District.
March 13, 2002.
Rehearing Denied April 24, 2002.
*147 Lidsky Vaccaro & Montes, P.A. and Charles L. Vaccaro, Hialeah, for appellant.
Mark J. Feldman, Miami, for appellee.
Before COPE, GREEN, and SHEVIN, JJ.
GREEN, J.
The law firm of Lidsky Vaccaro & Montes (hereinafter "the firm") appeals an order of the circuit court sitting in its appellate capacity that imposed appellate attorney's fees against it, pursuant to Section 57.105, Fla. Stat. (1995). The fees stemmed from its representation of an insurer client in an appeal from the county court. The circuit appellate panel imposed 57.105, attorney's fees against the firm and its client as sanctions for taking what it deemed to be an untimely appeal from a county court order; failing to provide a transcript of an evidentiary hearing; and requesting the court to revisit an earlier appellate ruling. We treat this appeal as a petition for certiorari pursuant to Florida Rule of Appellate Procedure 9.030(b)(2). The firm argues that the circuit appellate panel erred as a matter of law in its findings, and consequently its imposition of sanctions constituted an abuse of discretion. We agree and accordingly grant the petition, and quash the order under review.
The county court suit below began as the result of Javier Morejon, the minor son of appellee, Humberto Morejon, sustaining personal injuries on April 2, 1995 in an automobile accident. The minor plaintiff had coverage for medical bills through a personal injury protection ("PIP") policy with the firm's client, Fortune Insurance Company ("Fortune"). The minor plaintiff, through counsel, applied for medical benefits from Fortune, without submitting any medical bills. On several occasions, Fortune unsuccessfully attempted to take the sworn statement of the minor plaintiff to ascertain whether there was coverage for his claim.
The minor plaintiff subsequently submitted his medical bills to Fortune. When Fortune did not pay these bills within thirty (30) days, the appellees filed suit against Fortune in the county court. Fortune answered the complaint and asserted as affirmative defenses that (1) the minor plaintiff failed to comply with a condition precedent to the lawsuit by failing to submit to a sworn statement; and (2) the plaintiff was *148 not entitled to damages because the lawsuit was filed prematurely.
Fortune moved for and was granted summary judgment based upon its affirmative defenses. The minor plaintiff appealed. The circuit court, sitting in its appellate capacity, reversed the summary judgment and instructed the trial court to reinstate the complaint and ordered the minor plaintiff to submit to a sworn statement pursuant to the PIP policy. The appellate panel also abated the action for thirty (30) days to permit the parties to comply with the court's mandate. The minor plaintiff filed a motion for appellate attorney's fees in this first appeal, but the panel deferred ruling on the motion pending a later determination of the prevailing party.
Pursuant to the mandate of the circuit court, the trial court entered an order reinstating the complaint and abated the action for thirty (30) days to allow the minor plaintiff to comply with Fortune's request for a sworn statement. Fortune finally took the sworn statement of the minor plaintiff on May 21, 1998, over three years after the injuries were incurred. Based upon the testimony elicited during this statement, Fortune concluded that the claim was covered and made full payment of the PIP claim within the thirty (30) day abatement period.
The appellees then filed a motion for summary judgment for entitlement to attorney's fees and costs on the grounds that Fortune had confessed judgment by paying the PIP benefits. Fortune also filed a renewed motion for summary judgment on the grounds that once it was finally able to take the sworn statement of the minor plaintiff, it paid the PIP benefits well within the thirty (30) day abatement period. Fortune maintained that the lawsuit should not have been filed in the first instance and the appellees should not be entitled to any attorney's fees and costs.
After a hearing on both motions for summary judgment, the trial court agreed with Fortune that the thirty (30) day abatement period did not begin to run until the trial court issued its order on May 12, 1998. However, the trial court concluded that Fortune's payment of benefits after the filing of the lawsuit, but within the abatement period was a confession of judgment. Accordingly, the trial court entered an order denying Fortune's motion and granting the appellees' motion stating:
(1) Defendant, Fortune Insurance Company's motion for Summary Judgment is hereby denied.
(2) Plaintiff's Motion for Summary Judgment is hereby GRANTED. Plaintiff is entitled to attorney's fees up to May 26, 1998.
Based upon this order, the appellees filed a motion with the first appellate panel advising them that a summary judgment had been entered in their favor and that their previously filed motion for appellate attorney's fees was still pending. The first panel entered the following order granting the appellees' motion for attorney's fees:
Appellant [Morejon] has obtained a judgment allowing recovery against Appellee [Fortune], his insurer and is now entitled to attorney's fees pursuant to § 627.428. Therefore, it is reasonable to now resolve the pending Motion for Attorney's Fees.
Thereafter, the trial court conducted an evidentiary hearing on the amount of reasonable attorney's fees to be awarded appellees. The trial court entered a final judgment in favor of the appellees assessing attorney's fees in the sum of $24,500 and costs in the sum of $1,200 against Fortune. The firm filed Fortune's notice of appeal of the order of final judgment *149 seeking review of the non-final order granting appellees' motion for summary judgment and determining appellees' entitlement to attorney's fees, and the final judgment assessing fees and costs. A different circuit court panel was assigned to hear this second appeal.
This second circuit court appellate panel issued a written opinion dismissing Fortune's appeal in its entirety and imposing sanctions in the form of section 57.105 attorney's fees against the firm. Without reaching the merits of Fortune's appeal, the appellate panel concluded that the appeal from the order granting the plaintiffs motion for summary judgment was untimely pursuant to Florida Rule of Appellate Procedure 9.130(b), which requires the appeal of a non-final order to be brought within 30 days. The court further held that although Fortune's appeal from the final judgment assessing fees and costs was timely, the appeal of this order nevertheless failed due to Fortune's failure to file a transcript of the evidentiary hearing in which the amount of fees was determined. Finally, the court held that Fortune was impermissibly seeking to have it revisit the previous appellate order granting appellate attorney's fees where it never timely sought rehearing, clarification, or certification of the same. As a result of these conclusions, the circuit court appellate panel deemed the appeal to be frivolous and unsupported by existing law. Accordingly, the panel remanded the case back to the trial court for the assessment of reasonable appellate attorney's fees against Fortune and the firm pursuant to section 57.105. A timely motion for rehearing of the circuit court's appellate opinion was filed and denied.
The firm took the instant appeal to our court only as to that portion of the circuit court opinion assessing appellate attorney's fees against it pursuant to section 57.105. Fortune filed a separate petition for writ of certiorari seeking a reversal of the entire circuit court appellate opinion. During the pendency of its petition, however, Fortune filed a notice of insolvency and was taken over by the Florida Department of Insurance which made the decision to voluntarily dismiss Fortune's petition. As a result, we are called upon to only address the issue of the circuit court's assessment of section 57.105 attorney's fees against the firm.
The firm first asserts, and we agree, that the circuit court panel erred as a matter of law in its determination that Fortune's appeal of the order granting summary judgment in favor of the appellees and determining their entitlement to attorney's fees was untimely. As the firm correctly points out, the law is settled that an order which merely grants a motion for summary judgment and does not otherwise contain the traditional words of finality is not a final order subject to appellate review. See Catchings v. Florida-McCracken Concrete Pipe Co., 101 Fla. 792, 135 So. 561 (Fla.1931); Armstrong Contracting & Supply Corp. v. Aerospace Industries, Inc., 254 So.2d 242 (Fla. 4th DCA 1971); Guth v. Howard, 362 So.2d 725 (Fla. 2d DCA 1978); Danford v. City of Rockledge, 387 So.2d 967 (Fla. 5th DCA 1980). An order granting only summary judgment merely establishes an entitlement to a judgment, but is not itself a judgment. See Monticello Ins. Co. v. Thompson, 743 So.2d 1215 (Fla. 1st DCA 1999). Thus, the earlier order which merely granted summary judgment in favor of the appellees, but contained no words of finality was not a final judgment. The circuit court panel apparently recognized the non-final nature of this order, but concluded that it was nevertheless appealable within thirty (30) days of its rendition pursuant to Rule *150 9.130(b), Fla. R.App. P.,[1] since Rule 9.130(a)(3) permits immediate review of certain enumerated non-final orders.[2] Assuming, without deciding, that the nonfinal order was immediately reviewable as one of the enumerated orders in Rule 9.130(a)(3), Fortune's failure to seek an appeal within thirty (30) days of its rendition did not extinguish its right to appeal the order once a final judgment was entered in this case. See Investors Assocs., Inc. v. Moss, 441 So.2d 1144, 1146 fn. 1 (Fla. 3d DCA 1983) ("[t]hat non-final order finding jurisdiction over the person was appealable pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i), but failure to take an immediate appeal from that order does not bar review of the question on plenary appeal"); Saul v. Basse, 399 So.2d 130, 133 (Fla. 2d DCA 1981) (stating that "an appeal from a final order calls up for review all necessary interlocutory steps leading to that final order, whether they were separately appealable or not. (citation omitted). In other words, failure to utilize the right to take an interlocutory appeal does not restrict the scope of appellate review when the final order is appealed. citations omitted; Rule 9.130(g), Fla. R.App. P. (1977).") Thus, the circuit court's determination that the appeal was untimely was erroneous.
The second basis for the circuit court's imposition of section 57.105 attorney's fees was that Fortune appealed the final order assessing fees and costs without providing the court with a transcript of the evidentiary hearing which determined such fees and costs. The panel found that in the absence of a transcript of the hearing, it could not reverse the trial court's determination of the amount of such fees and costs unless error appeared on the face of the order itself. See Prymus v. Prymus, 753 So.2d 742 (Fla. 3d DCA 2000); Compton v. Compton, 701 So.2d 110, 112 (Fla. 5th DCA 1997). The court then concluded that error did not appear on the face of the order and therefore dismissed the appeal of this order.
The firm contends that the circuit court panel's dismissal of Fortune's appeal on this ground was erroneous where Fortune was challenging only the appellees' entitlement to fees and costs, not the amount awarded. Accordingly, if Fortune was going to contest the issue of entitlement to fees and costs, it necessarily would have to appeal not only the non-final order granting such fees and costs, but the final order *151 assessing the amount of such fees and costs as well. See Stoker v. Stoker, 742 So.2d 357 (Fla. 2d DCA 1999); Ritter v. Ritter, 690 So.2d 1372 (Fla. 2d DCA 1997); Easley, McCaleb & Stallings, Ltd. v. Gibbons, 667 So.2d 988 (Fla. 4th DCA 1996); Gonzalez Eng'g., Inc. v. Miami Pump & Supply Co., Inc., 641 So.2d 474 (Fla. 3d DCA 1994); Demaio v. Coco Wood Lakes Ass'n, Inc., 637 So.2d 369 (Fla. 4th DCA 1994). We agree.
From our reading of Fortune's brief submitted to the circuit court panel, it is clear that Fortune's position on the appeal below was that the appellees were either entitled to all of the fees and costs awarded by the trial court or none at all. Therefore, a transcript of the evidentiary hearing determining the amount of the fees and costs was wholly irrelevant to the issue of the appellees' entitlement to such fees. Consequently, Fortune's failure to provide the lower court with a transcript of this hearing could not properly serve as a basis for the imposition of section 57.105 sanctions.
The final basis of the lower court's imposition of section 57.105 attorney's fees was Fortune's request that it revisit the first appellate panel's order awarding appellees appellate attorney's fees as a result of their purported "final" summary judgment in this cause. The court apparently concluded that the determination of appellees' entitlement to fees had become law of the case and held that it could not revisit it where Fortune had failed to file a motion for rehearing, clarification, or certification within fifteen days of the order's rendition pursuant to Rule 9.330(a), Fla. R.App. P.[3] or sought an extension of the fifteen day limitation.
The firm maintains, and we agree, that even if it could be said that the order awarding appellate attorney's fees to the appellees became the law of the case when Fortune failed to seek rehearing, clarification, or certification of the same, the law of the case doctrine would not preclude an appellate court from reconsidering and correcting a prior erroneous ruling where a manifest injustice would result. See Strazzulla v. Hendrick, 177 So.2d 1 (Fla.1965); Schindler Elevator Corp. v. Viera, 693 So.2d 1106 (Fla. 3d DCA 1997); 3M Elec. Corp. v. Vigoa, 443 So.2d 111, 113 (Fla. 3d DCA 1983). As the supreme court in Strazzulla put it:
We think it should be made clear, however, that an appellate court should reconsider a point of law previously decided on a former appeal only as a matter of grace, and not as a matter of right; and that an exception to the general rule binding the parties to `the law of the case' at the retrial and at all subsequent proceedings should not be made except in unusual circumstances and for the most cogent reasonsand as always, of course, only where `manifest injustice' will result from a strict and rigid adherence to the rule. (citation omitted).
177 So.2d at 4.
Since Fortune's request that the appellate panel below revisit the prior appellate order rested upon the panel's grace or sound discretion, we do not believe that it could be deemed so frivolous as to warrant *152 the imposition of attorney's fees pursuant to section 57.105. We have defined an appeal as frivolous if it presents no justiciable question and is so devoid of merit on the face of the record that there is little prospect it will ever succeed. See Visoly v. Security Pacific Credit Corp., 768 So.2d 482, 490-491 (Fla. 3d DCA 2000).
Given the fact that the order awarding appellate attorney's fees was based upon the prior circuit court appellate panel's erroneous assumption that the appellees had secured a final summary judgment by virtue of the order granting summary judgment, Fortune's request that the second circuit court appellate panel revisit this order clearly cannot be deemed frivolous.
For all of the foregoing reasons, we conclude that the court below abused its discretion in imposing section 57.105 attorney's fees against the firm and we quash the same.[4]
Petition Granted.
NOTES
[1] That rule provides that:

The jurisdiction to seek review of orders described in subdivisions (a)(3)-(a)(6) shall be invoked by filing 2 copies of a notice, accompanied by the filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.
[2] Specifically, at the time of the circuit court's panel opinion, that rule permitted review of non-final orders that:

(A) concern venue;
(B) grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions;
(C) determine
(i) the jurisdiction of the person;
(ii) the right to immediate possession of property;
(iii) the right to immediate monetary relief or child custody in family law matters;
(iv) the issue of liability in favor of a party seeking affirmative relief;
(v) the entitlement of a party to arbitration;
(vi) that, as a matter of law, a party is not entitled to workers' compensation immunity;
(vii) that a class should be certified; or
(viii) that, as a matter of law, a party is not entitled to absolute or qualified immunity in a civil rights claim arising under federal law;
(D) grant or deny the appointment of a receiver, and terminate or refuse to terminate a receivership.
[3] That rule provides that:

A motion for rehearing shall state with particularity the points of law or fact that in the opinion of the movant the court has overlooked or misapprehended in its decision, and shall not present issues not previously raised in the proceeding. A motion for clarification shall state with particularity the points of law or fact in the court's decision that in the opinion of the movant are in need of clarification. A response may be served within 10 days of service of the motion.
[4] Since Fortune voluntarily abandoned its appellate review of the subject order, our holding is limited to the order as it pertains to the firm.