[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15401
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 23, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-80653-CV-KAM

CLEO DOUGLAS LECROY,

Petitioner-Appellant,

versus

WALTER MCNEIL,
ATTORNEY GENERAL OF THE STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 23, 2010)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Cleo Douglas LeCroy, a state prisoner proceeding pro se, appeals the district court's denial of his Fed. R. Civ. P. 59(e) motion to reopen the judgment dismissing his 28 U.S.C. § 2254 habeas corpus petition. We granted a certificate of appealability for this issue: "Whether the district court erred by denying LeCroy's Fed. R. Civ. P. 59(e) motion to reopen judgment when LeCroy alleged that he had not received the magistrate's report and, therefore, was not given the 14 day period of Fed. R. Civ. P. 72(b)(2) to file written objections."

In his habeas petition LeCroy was arguing that he had the right to be present and represented by counsel when he was resentenced to life in prison after his death sentence was vacated in light of Roper v. Simmons, 543 U.S. 551, 568, 125 S.Ct. 1183, 1194 (2005). Roper held that the Eighth Amendment prohibits capital punishment for an offender like LeCroy, who committed his crime before his eighteenth birthday. See id. Applying Roper, the Supreme Court of Florida vacated LeCroy's death sentence and issued this mandate: "The case is remanded to the circuit court for imposition of a sentence of life imprisonment without the possibility of parole for twenty-five years, in accordance with section 775.082(1), Florida Statutes (1979)."

Under Florida law, the trial court had only a ministerial role to play in imposing on LeCroy the sentence that the Florida Supreme Court's mandate had

2

prescribed.  See Torres v. Jones, 652 So. 2d 893 (Fla. 3d DCA 1995) ("A trial court's role upon the issuance of a mandate from an appellate court becomes purely ministerial, and its function is limited to obeying the appellate court's order or decree.  A trial court does not have discretionary power to alter or modify the mandate of an appellate court in any way, shape or form." (citations omitted)); see also O.P. Corp. v. Village of N. Palm Beach, 302 So. 2d 130 (Fla. 1974).  The trial court was required to impose "a sentence of life imprisonment without the possibility of parole for twenty-five years" when it resentenced LeCroy.

As the magistrate judge pointed out in LeCroy's habeas proceeding, "[n]either LeCroy nor counsel could have done or said anything to alter that foregone conclusion" about how LeCroy would be resentenced.  At resentencing, the Roper decision had no effect on LeCroy's sentences for his other counts of conviction or the order in which they would run.[1]  Because the Florida Supreme Court's remand instructions left the state trial court with no discretion on resentencing, the magistrate judge's report and recommendation concluded that it

---

[1]At the original sentence proceeding, LeCroy's sentences for his crimes against the first victim, John Hardeman, were set to run consecutively to the sentences for his crimes against the second victim, Gail Hardeman.  LeCroy challenged the consecutive sentences on the robbery convictions, and the Florida Supreme Court upheld those sentences.  See LeCroy v. State, 533 So. 2d 750, 754 (Fla. 1988) (applying the rule that "the trial court had discretion to impose consecutive minimum mandatory sentences for separate offenses which . . . were not simultaneously committed").

3

was unnecessary for LeCroy to have been present or represented by counsel at the resentencing and thus he was not entitled to habeas relief.

According to Rule 72, when hearing a "pretrial matter dispositive of a claim or defense," a magistrate judge must enter a recommended disposition, and the clerk must promptly mail a copy of the magistrate judge's report to each party. Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1)(C). The record indicates that LeCroy had not received the magistrate judge's report and recommendation when the court adopted it and dismissed his § 2254 petition, and as a result LeCroy did not have the required 14-day period to make objections.

Regardless of whether LeCroy filed any objections to the magistrate judge's report and recommendation, we conduct a de novo review of the district court's legal conclusions. United States v. Warren, 687 F.2d 347, 348 (11th Cir. 1982). The relevant facts are not disputed in this case, which presents an underlying question of law about whether LeCroy had the right to be present and represented by counsel when he was resentenced in light of Roper. LeCroy's petition for habeas relief depended upon the resolution of that issue.

4

Considering the issue <u>de novo</u>, we conclude that the magistrate judge was correct in recommending that LeCroy's petition for habeas corpus relief should be denied, and the district court was correct in adopting that recommendation and denying LeCroy's petition. Any objections to the magistrate's report and recommendation would not have changed that result. Any violation of Rule 72 was harmless. <u>See</u> <u>Braxton v. Estelle</u>, 641 F.2d 392, 397 (5th Cir. Unit A Apr. 3, 1981).[2] LeCroy's inability to object to the magistrate judge's report did not alter judicial review of the merits of LeCroy's § 2254 petition. His substantial rights were not affected, and he did not assert any new arguments that he would have made but did not get to make. Thus, the district court did not abuse its discretion in denying his Rule 59(e) motion to reopen the judgment dismissing his § 2254 petition.

**AFFIRMED.**

---

[2]In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.