# Third District Court of Appeal

## State of Florida

Opinion filed August 26, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1649
Lower Tribunal No. 14-24652
_____

**Patrick K. Ball,**
Appellant,

vs.

**Genesis Outsourcing Solutions, LLC, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Patrick K. Ball, in proper person.

Wendell Locke (Plantation); Debjit Rudra, for appellees.

Before SALTER, FERNANDEZ, and LOGUE, JJ.

LOGUE, J.

Patrick K. Ball filed a notice of appeal seeking review of what he characterized

as a final order. The order is captioned "Order Granting Defendant, Genesis

Outsourcing Solutions, LLC's Motion for Summary Judgment." The body of the order reads in its entirety:

> THIS CAUSE came before the Court on Defendant, Genesis Outsourcing Solutions, LLC's Motion for Summary Judgment and having reviewed the file, hearing oral argument on June 18, 2015 and being otherwise full advised in the premises, it is ORDERED AND ADJUDGED THAT Defendant, Genesis Outsourcing Solutions. LLC's Motion for Summary Judgment is hereby GRANTED.

An order that merely grants a motion for summary judgment is not a final order. Lidsky Vaccaro & Montes, P.A. v. Morejon, 813 So. 2d 146, 149 (Fla. 3d DCA 2002) ("[T]he law is settled that an order which merely grants a motion for summary judgment and does not otherwise contain the traditional words of finality is not a final order subject to appellate review."). For an order to be final, it must constitute an entry of a judgment: it is the final judgment that is appealable, not an order simply granting a motion. Id. ("An order granting only summary judgment merely establishes an entitlement to a judgment, but is not itself a judgment.").

The order that Ball asks us to review merely grants a motion; it does not contain language that enters judgment. Accordingly, it is not a final order and the notice of appeal is premature.

Models for final judgments are contained in The Forms for Use with Rules of Civil Procedure, which the Florida Supreme Court has placed at the end of the Florida Rules of Civil Procedure. An appropriate order granting final summary

judgment could be captioned "Final Summary Judgment," although the title is not controlling. See Boyd v. Goff, 828 So. 2d 468 (Fla. 5th DCA 2002).

For a plaintiff, a final summary judgment should have language that reads something like the following: "The motion for summary judgment is granted. Final judgment is entered as follows. The plaintiff [name and address] shall recover from defendant [name and address] the sum of $ . . . that shall bear interest at the rate of . . . % per year for which let execution issue. The court reserves jurisdiction to consider a timely motion to tax costs and attorney's fees."

For a defendant, a final summary judgment should have language that reads something like the following: "The motion for summary judgment is granted. Final judgment is entered for defendant [name] and against plaintiff [name]. The court reserves jurisdiction to consider a timely motion to tax costs and attorney's fees." Particularly diligent judges and lawyers add the traditional language of finality for a defendant which includes the phrases "plaintiff shall take nothing by this action and defendant shall go hence without day."

Note that this last expression "go hence without day" is properly used only in a judgment for a defendant; it should not be used in a judgment for a plaintiff. A little history explains why. The phrase refers back to the time when the trial judges in Florida actually rode circuit (which is why they are called "circuit" courts). Before permanent county courthouses were built and staffed, the judge, clerk, and often

lawyers traveled together in a cavalcade of horses and mules carrying court records and portable legal libraries from county seat to county seat, where the court would sit to hear actions. See generally L. Friedman, A History of American Law at 123-24, 270-71(1973). The clerk issued summonses to local defendants ordering them to appear from day to day until the case against them was heard. If the defendant prevailed, the judgment would discharge the defendant from the summons by using the traditional language "defendant shall go hence without day" which indicated that there was no further date when the defendant was required to appear. The phrase goes back to medieval English practice when dismissal was indicated by the Latin legal expression "quod eat sine die"—"that he go hence without day." Even today, by the way, the Legislature ends its daily work with a motion to adjourn and reconvene at a particular date and time until the end of the last day of the session when the motion is made to adjourn "sine die."

Although the appeal in this case is premature because the order appealed is not final, Florida Rule of Appellate Procedure 9.110(l) provides "[b]efore dismissal, the court in its discretion may grant the parties additional time to obtain a final order from the lower tribunal." We exercise that discretion here and grant Ball thirty days to obtain a final order from the trial court and file an amended notice of appeal. See Gries Inv. Co. v. Chelton, 388 So. 2d 1281, 1282 n.4 (Fla. 3d DCA 1980). Failure to

timely comply with this order will cause this appeal to be dismissed. This decision does not affect the progress of the appeal.