# Third District Court of Appeal
## State of Florida

Opinion filed October 4, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1828
Lower Tribunal No. 10-5191 SP
_____

**The Responsive Auto Insurance Company**,
Appellant,

vs.

**Oasis Diagnostic Center, etc., et al.**,
Appellees.

An Appeal from the County Court for Miami-Dade County, Milena Abreu, Judge.

The Vaccaro Law Firm, P.A., and Charles L. Vaccaro (Davie), for appellant.

Berger & Hicks, P.A., and Martin I. Berger and Zachary A. Hicks; Kula & Associates, P.A., and Elliot B. Kula, W. Aaron Daniel and William D. Mueller, for appellee Sunset Radiology, Inc.

Before EMAS, SCALES and LINDSEY, JJ.

PER CURIAM.

The Responsive Auto Insurance Company, defendant below, appeals several orders of the trial court involving defendants Oasis Diagnostic Center and Sunset Radiology, Inc.

As to Oasis Diagnostic, we dismiss the appeal as one taken from nonfinal, nonappealable orders.  See Lidsky Vaccaro & Montes, P.A. v. Morejon, 813 So. 2d 146, 149 (Fla. 3d DCA 2002) (noting "the law is settled that an order which merely grants a motion for summary judgment and does not otherwise contain the traditional words of finality is not a final order subject to appellate review. An order granting only summary judgment merely establishes an entitlement to a judgment, but is not itself a judgment.") (internal citations omitted).

As to those final orders on appeal involving Sunset Radiology, we find no error and affirm.  See Fla. R. Civ. P. 1.510(c) (previous version of the rule, applicable here, provided: "The motion must state with particularity the grounds upon which it is based and the substantial matters of law to be argued and must specifically identify any affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence ("summary judgment evidence") on which the movant relies. The movant must serve the motion at least 20 days before the time fixed for the hearing, and must also serve at that time a copy of any summary

2

judgment evidence on which the movant relies that has not already been filed with the court. The adverse party must identify, by notice served pursuant to Florida Rule of Judicial Administration 2.516 at least 5 days prior to the day of the hearing if service by mail is authorized, or delivered, electronically filed, or sent by e-mail no later than 5:00 p.m. 2 business days prior to the day of the hearing, any summary judgment evidence on which the adverse party relies"); Hunt v. SCI Funeral Servs. of Fla., LLC, 307 So. 3d 891 (Fla. 3d DCA 2020). See also Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979).

Dismissed in part, affirmed in part.