678 So.2d 1262 (1996)
Lucille NASH, Petitioner,
v.
WELLS FARGO GUARD SERVICES, INC., Respondent.
No. 85990.
Supreme Court of Florida.
July 3, 1996.
Rehearing Denied August 28, 1996.
*1263 Howard C. Coker and Corinne L. Heller of Coker, Myers, Schickel & Sorenson, P.A., Jacksonville, for Petitioner.
Steven E. Stark of Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, for Respondent.
GRIMES, Justice.
We review Wells Fargo Guard Services, Inc. v. Nash, 654 So.2d 155 (Fla. 1st DCA 1995), which directly and expressly conflicts with Schindler Elevator Corp. v. Viera, 644 So.2d 563, 564 (Fla. 3d DCA 1994); American Aerial Lift, Inc. v. Perez, 629 So.2d 169, 172 (Fla. 3d DCA 1993), review denied, 659 So.2d 1085 (Fla.1995); and Schindler Corp. v. Ross, 625 So.2d 94, 96 (Fla. 3d DCA 1993). We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
Lucille Nash, an employee of Methodist Hospital ("Methodist"), brought a negligence action against Wells Fargo Guard Services ("Wells Fargo") for damages she suffered when she was assaulted in one of Methodist's parking garages. Wells Fargo was under contract with Methodist to provide security services to Methodist. Nash's complaint did not name Methodist as a defendant.
After the close of testimony, Wells Fargo moved to apportion noneconomic damages by including Methodist on the verdict form based on the rationale of the Fifth District Court of Appeal in Messmer v. Teacher's Insurance Co., 588 So.2d 610 (Fla. 5th DCA 1991), review denied, 598 So.2d 77 (Fla.1992). The trial judge denied the motion, relying on the contrary holding of the Third District Court of Appeal that only those joined in the lawsuit as parties may be included on the verdict form. Fabre v. Marin, 597 So.2d 883 (Fla. 3d DCA 1992). The jury rendered a verdict for Nash and awarded her $556,000, which included $365,000 in noneconomic damages.
By the time the appeal of the judgment reached the First District Court of Appeal, this Court had quashed the decision in Fabre and adopted the position set forth in Messmer. Fabre v. Marin, 623 So.2d 1182 (Fla. 1993). We held that in determining noneconomic damages fault must be apportioned among all responsible entities who contribute to an accident even though not all of them have been joined as defendants. Based upon this decision, the court below reversed the judgment and remanded for a new trial incorporating a verdict form which would permit the jury to attribute a percentage of fault to Methodist. In its reversal, the district court's opinion did not limit the scope of the new trial to the issues of liability and apportionment of fault.
We accepted jurisdiction in this case because in similar cases the Third District Court of Appeal has limited the scope of the new trial to liability and apportionment issues. Schindler Elevator Corp.; American Aerial Lift; Schindler Corp. We agree with the Third District Court of Appeal that a reversal precipitated by Fabre errors does not affect the determination of damages. As a consequence, the reversal in this case *1264 should not have been extended to a new trial on damages.
Nash further asserts that the court below erred in granting a new trial on the Fabre issue because Wells Fargo waived the right to insist that Methodist should be included on the verdict form. The instant case thus provides us with the opportunity to address the extent of the pleading and proof required under Fabre in order for a defendant to have noneconomic damages apportioned against a nonparty.
Florida Rule of Civil Procedure 1.140(h) requires a defendant to give proper notice of all defenses the defendant intends to assert. Rule 1.140(h)(1) states:
A party waives all defenses and objections that the party does not present either by motion under subdivisions (b), (e), or (f) of this rule or, if the party has made no motion, in a responsive pleading except as provided in subdivision (h)(2).
While this Court has not previously addressed this issue in the context of a request for apportionment pursuant to Fabre, the Second District Court of Appeal has recently held that a nonparty's name could not be placed on the verdict form if the named defendant has failed to plead the negligence of the nonparty or raise the matter at pretrial. E.H.P. Corp. v. Cousin, 654 So.2d 976 (Fla. 2d DCA 1995). We agree and now hold that in order to include a nonparty on the verdict form pursuant to Fabre, the defendant must plead as an affirmative defense the negligence of the nonparty and specifically identify the nonparty. The defendant may move to amend pleadings to assert the negligence of a nonparty subject to the requirements of Florida Rule of Civil Procedure 1.190. However, notice prior to trial is necessary because the assertion that noneconomic damages should be apportioned against a nonparty may affect both the presentation of the case and the trial court's rulings on evidentiary issues.
In addition to the pleading requirement, the defendant has the burden[1] of presenting at trial that the nonparty's fault contributed to the accident in order to include the nonparty's name on the jury verdict. See W.R. Grace & Co.Conn. v. Dougherty, 636 So.2d 746, 748 (Fla. 2d DCA) (without evidence of the nonparty defendant's negligence, the named defendant has "not satisfied the foundation necessary for a jury to receive jury instructions and a verdict form to decide the case pursuant to section 768.81, Florida Statutes (1991) and Fabre"), review denied, 645 So.2d 457 (Fla.1994). We further hold that the named defendant cannot rely on the vicarious liability of a nonparty to establish the nonparty's fault.
If the pleading and proof requirements are met, a jury instruction should be given regarding the apportionment of fault and the nonparty should be included in the appropriate section of the verdict form. This Court recently approved a standard jury instruction on apportionment of fault and a verdict form for apportionment of fault which treat the defense in this manner. Standard Jury InstructionsCivil CasesNos. 95-1 and 95-2, 658 So.2d 97 (Fla.1995)(approving Standard Jury Instruction 3.8(f) and Model Verdict Form 8.6).
Even though the law was unsettled, the decision in Messmer was issued in 1991, and this Court had denied review of Messmer more than a year prior to the time the *1265 instant case went to trial. Yet, Wells Fargo's answer to Nash's complaint did not include an affirmative defense that Methodist's negligence contributed to Nash's injuries nor was such a defense raised by Wells Fargo during the pretrial conference. In fact, throughout the trial, Wells Fargo asserted that Methodist's negligence was not at issue because Methodist was not a defendant in the case. Under these circumstances, we believe that Wells Fargo waived the defense that noneconomic damages should be apportioned to Methodist.
Accordingly, we approve Schindler Elevator Corp., American Aerial Lift, Inc., and Schindler Corp. We also quash the decision below with directions to reinstate the judgment.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Other states which allow apportionment of noneconomic damages against a nonparty also hold that the defendant has the burden of proving the negligence of the nonparty. McGraw v. Sanders Co. Plumbing & Heating, Inc., 233 Kan. 766, 667 P.2d 289, 295 (1983) ("Appellant argues such a defendant must operate under the same burden as the defendant who claims the plaintiff was partially or entirely at fault. This makes sense. The defense that a `phantom party' contributed to the plaintiff's injuries is arguably a `matter constituting an avoidance' and as such the defendant offering the argument would be procedurally in the same position as if he were claiming the plaintiff was negligent. See Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 458 (10th Cir.1982). This is also in line with the general rule that the `burden of proof on any point is upon the party asserting it....' In re Estate of Wright, 170 Kan. 600, 604, 228 P.2d 911 (1951). Thus the defendant would have the burden to plead and prove his claims. Since the standard in all but a few specifically excepted civil cases is a preponderance of the evidence, the defendant would have the burden to prove his claims were more probably true than not."); Johnson v. Pratt & Whitney Canada, Inc., 28 Cal.App.4th 613, 34 Cal.Rptr.2d 26 (1994).