698 So.2d 1262 (1997)
Jose Antonio LOUREIRO, Appellant,
v.
POOLS BY GREG, INC., Appellee.
No. 95-4304.
District Court of Appeal of Florida, Fourth District.
July 30, 1997.
Rehearing, Rehearing, and Certification Denied October 8, 1997.
Paul A. Gamba of Paul A. Gamba, P.A., Palm City, for appellant.
Daniel M. Bachi and Bard D. Rockenbach of Sellars, Supran, Cole, Marion & Bachi, P.A., West Palm Beach, and Alan C. Espy, West Palm Beach, for appellee.
Rehearing, Rehearing En Banc, and Certification Denied October 8, 1997.

ON MOTION FOR REHEARING
GROSS, Judge.
Appellee's motion for rehearing is granted. We withdraw our original opinion and replace it with the following opinion.
Appellant, Loureiro, was a carpenter employed on property where appellee, Pools by Greg, Inc. ("Pools"), was constructing a swimming pool. Loureiro fell into the uncompleted pool and was injured. He sued Pools in February, 1995, contending that it was negligent for not properly barricading the pool construction area. One of Pools' affirmative defenses was that the negligence of unnamed third parties caused Loureiro's damages.
Twenty-five days before trial, Loureiro filed a motion in limine seeking to bar Pools from raising the issue of third parties' liability. As grounds, he argued that there had been no disclosure of any other party that potentially could have been at fault. The trial court denied the motion and gave Pools ten days to furnish Loureiro with the names of non-parties against whom it intended to offer evidence of negligence. Pools furnished the names, but Loureiro took the position that it was too late to depose the persons or to join them in the lawsuit.
At the close of the trial, the court instructed the jury that if it found that the greater weight of the evidence did not support the claim of Loureiro, then its verdict should be *1263 for Pools. The trial court also instructed the jury that if it did find that Pools was negligent, it then should consider whether certain non-parties to the lawsuit were also negligent. The instructions and the verdict form identified these parties. Loureiro timely objected to the inclusion of non-parties in the charge and on the verdict form. The jury found Pools not to be negligent, so it did not reach the issue of the non-parties' negligence.
It was error to have submitted the issue of non-parties' liability to the jury. In Nash v. Wells Fargo Guard Services., Inc., 678 So.2d 1262 (Fla.1996), the supreme court specified the pleading requirements for a defendant to have non-economic damages apportioned against a third party.
[I]n order to include a nonparty on the verdict form pursuant to [Fabre v. Marin, 623 So.2d 1182 (Fla.1993)][1], the defendant must plead as an affirmative defense the negligence of the nonparty and specifically identify the nonparty. The defendant may move to amend pleadings to assert the negligence of a nonparty subject to the requirements of Florida Rule of Civil Procedure 1.190.
Id. at 1264 (footnote added). The affirmative defense in this case did not specifically identify any non-party and Pools did not move to amend the defense at any time. Because the issue of non-parties' liability had not properly been raised by the pleadings, Loureiro's objection to the injection of non-party liability into the case should have been sustained.
Although it was error to have included the non-parties on the verdict form, Nash does not compel reversal in this case for two reasons. First, the supreme court's discussion of the scope of retrial in Nash contemplates a situation where a jury found a defendant to be negligent and a Fabre defendant was erroneously excluded from the verdict form, so the jury could not apportion fault among all responsible entities. This was a case where a defendant was found not to be liable and Fabre defendants were erroneously included on the verdict form, so apportionment of fault never became an issue in the case. Second, the Nash holding narrowly addresses the issue of damages on a retrial of a Fabre omission case. The supreme court was not called on to decide whether a defendant found liable in a Fabre omission case can relitigate the fact of his liability on retrial, in addition to the percentage of his fault.
The defendant in Nash was found negligent at trial, but a Fabre defendant had been erroneously omitted from the verdict form. The first district reversed the judgment and remanded for a new trial on all issues liability, apportionment of fault and damages. Wells Fargo Guard Servs., Inc. v. Nash, 654 So.2d 155 (Fla. 1st DCA 1995). The supreme court disagreed with the first district on the scope of the reversal, holding that the "reversal... should not have been extended to a new trial on damages." Nash, 678 So.2d at 1263-64. The precise holding of Nash did not deal with the nature of the retrial on liability.
To arrive at its ruling in Nash, the supreme court expressly approved three cases from the third district, Schindler Elevator Corp. v. Viera, 644 So.2d 563 (Fla. 3d DCA 1994), American Aerial Lift, Inc. v. Perez, 629 So.2d 169 (Fla. 3d DCA 1993), review denied, 659 So.2d 1085 (Fla.1995), and Schindler Corp. v. Ross, 625 So.2d 94 (Fla. 3d DCA 1993). These three cases all involved defendants found negligent at trials where Fabre defendants were omitted from the verdict form, so that the jury was not given the opportunity to apportion fault among all responsible entities. In all three cases, the third district held that the new trial would not consider the issue of damages. It was this portion of the ruling that the supreme court specifically approved in Nash. The three cases also held that retrials were "confined to the issues of negligence, comparative negligence and the apportionment of fault, if any" as to the responsible entities. Viera, 644 So.2d at 564; Ross, 625 So.2d at 97; *1264 Perez, 629 So.2d at 172. There was no discussion or analysis in any of the cases concerning the issues on a Fabre retrial.
Shortly before the supreme court decided Nash, the third district receded from Schindler Elevator Corp. v. Viera. Shufflebarger v. Galloway, 668 So.2d 996 (Fla. 3d DCA 1996)(en banc). Shufflebarger was a medical malpractice case where the defendant doctor was improperly prevented from including a doctor who had settled with the plaintiff on the verdict form. The jury found defendant Shufflebarger to be negligent. Shufflebarger argued that on remand he should be allowed to relitigate the fact of his own negligence, in addition to that of the Fabre defendant omitted from the verdict form. The third district rejected this argument, holding that on retrial the jury should be instructed that Shufflebarger was negligent as a matter of law, so that the issues for the second jury were the liability of the omitted doctor and, if applicable, an apportionment of damages between the two doctors. The court's reasoning is equally applicable to this case:
The question of [the non-party defendant's] negligence was in fact raised and litigated at the first trial. Dr. Shufflebarger was able to present expert evidence to argue to the jury that even though [the non-party defendant] was not present at trial, his negligence was the sole legal cause of the death of [the victim]. The "empty chair"/intervening cause defense was rejected by the jury. Allowing Dr. Shufflebarger to relitigate the question of his own negligence would unfairly give him that proverbial second bite at a decided issue.
Id. at 997.
We find Shufflebarger's analysis to be persuasive in this case. The non-parties' inclusion on the verdict form did not affect Loureiro's ability to litigate the issue of Pools' liability. The jury was instructed to consider the issue of non-party liability only if it found Pools to be negligent. The issue of Pools' negligence was fully litigated at trial and the presence of the Fabre defendants on the verdict form did not disturb the jury's ability to consider that matter. Even had the issue of non-party liability been omitted from the instructions and the verdict form, Pools could still have contended at trial that it was not negligent and that the negligence of others was the sole legal cause of injury. Because the jury found Pools to be without liability, it did not need to consider the fault of the Fabre defendants.
Having failed to establish Pools' negligence at the first trial, Loureiro should not get a second chance to litigate the issue. Reversal would be required only if Pools had been found negligent and the jury had also apportioned fault among non-parties.
As to the remaining points on appeal, the supreme court's holding in Nash forecloses the constitutional claim. Also, the trial court correctly denied the requested instruction, since section 768.11, Florida Statutes (1995), was inapplicable to this case. Koval v. O'Neal, 46 So.2d 25 (Fla.1950); Gload v. Birdsall Constr. Co., 177 So.2d 894 (Fla. 2d DCA 1965).
AFFIRMED.
DELL, J., and MAY, MELANIE, Associate Judge, concur.
NOTES
[1] In Fabre, the supreme court held that "in determining non-economic damages fault must be apportioned among all responsible entities who contribute to an accident, even though not all of them have been joined as defendants." Nash, 678 So.2d at 1263. Such non-party defendants are often referred to as "Fabre defendants."