DAVIS, J.
Sean Thomas, defendant below, appeals a final judgment in favor of plaintiff, Bradford M. Daniel, and argues that the trial court erred by: (1) striking Thomas’s attempts to raise a third-party liability defense; and (2) refusing to grant a set-off for personal injury protection (PIP) benefits based upon a jury award of $6000 for future medical expenses. We affirm the first issue, but reverse the refusal to grant the $6000 PIP set-off because, as Daniel correctly conceded during appellate oral argument, the supreme court’s recent decision in Rollins v. Pizzarelli, - So.2d -, 24 Fla. L. Weekly S69 (Fla. Feb. 4, 1999), controls this case and requires that Thomas receive the $6000 set-off.
Thomas, the driver, and Daniel, the passenger, were traveling in a truck when Thomas struck a large rock in the road. The impact caused the vehicle to rise up on its right-hand side wheels, hit the median, and slide across the road. Daniel was injured, and sued Thomas for causing his injuries. Thomas attempted to raise a third-party liability defense. Although Thomas claimed that he had suspicions of certain third parties who might share in the responsibility for causing the accident by virtue of either depositing the rock in the road or failing to remove the rock from the road in a timely manner, he never specifically identified those parties. Relying upon Nash v. Wells Fargo Guard Services, Inc., 678 So.2d 1262 (Fla.1996), the trial court struck the third-party liability defense before trial due to Thomas’s failure to specifically identify any third parties. The jury found Thomas 100% *101 negligent and awarded Daniel $37,743 in damages, of which $6000 was for future medical expenses. The parties stipulated that Daniel had already received PIP benefits of $1359.03, paid by Thomas’s carrier. Thomas argued that he should be entitled to a $6000 PIP set-off based upon the award for future medical expenses. The trial court refused to grant the set-off.
Thomas asserts that, based upon Fabre v. Marin, 623 So.2d 1182 (Fla.1993), the trial court erred by striking his third-party liability defense. Fabre, however, has been clarified by subsequent case law which requires that, to include a nonparty on a verdict form, defendants seeking to raise third-party liability must not only plead the nonparty’s negligence as an affirmative defense, but must also specifically identify the nonparty and prove the non-party’s fault in causing the accident. See Nash, 678 So.2d at 1264; Loureiro v. Pools by Greg, Inc., 698 So.2d 1262 (Fla. 4th DCA 1997). Therefore, we affirm the trial court’s decision to refuse to allow Thomas to assert the third-party liability defense at trial.
Regarding the PIP set-off, Daniel properly conceded that the supreme court’s decision in Rollins v. Pizzarelli, which defined “payable” as “expenses which have not yet accrued but which will result from the covered injury[,]” controls the present case as to the issue of PIP set-off and requires that Thomas receive $6000 of the remaining PIP benefits available as a set-off against the award of future medical damages.
Therefore, we AFFIRM in part, REVERSE in part, and REMAND for proceedings consistent with this opinion.
BENTON and PADOVANO, JJ., CONCUR.