785 So.2d 705 (2001)
Keith PHILLIPS, as Personal Representative for the Estate of Sylvia Nightengale Phillips, Deceased, Appellant,
v.
Ralph GUARNERI, M.D., Appellee.
No. 4D00-2626.
District Court of Appeal of Florida, Fourth District.
May 23, 2001.
Todd R. Schwartz of Ginsberg & Schwartz, Miami, and Fournaris & Sanet, P.A., Coral Gables, for appellant.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford, P.A., Fort Lauderdale, for appellee.
HAZOURI, J.
Keith Phillips (Phillips), as Personal Representative for the Estate of Sylvia Nightengale Phillips, deceased, appeals from the trial court's entry of a directed verdict against him prior to the completion of his case in chief in a medical malpractice action against Ralph Guarneri, M.D. (Guarneri). We reverse and remand for a new trial.
Phillips filed a medical malpractice complaint alleging individual counts of negligence against Guarneri, Moshe Stav, M.D., and Doctors General Hospital, Ltd. d/b/a Universal Medical Center (UMC). Phillips alleged that their negligence caused the death of his wife, Sylvia Phillips. The complaint also included a count against Moshe Stav M.D., P.A. for vicarious liability. Answers and affirmative defenses *706 were filed by all defendants. Each defendant interposed as an affirmative defense the comparative negligence of the decedent, Sylvia Phillips. UMC, Stav, and Stav, P.A. all asserted as an affirmative defense that the decedent's injuries were the result of the negligence of a third party or parties over which they had no control. Although Guarneri asserted certain affirmative defenses, he did not assert the defense that the decedent's injuries were a result of the negligence of third parties over which he had no control.
Phillips moved to strike each of the three defendants' affirmative defenses that alleged third party negligence. Referring to them as Fabre[1] Affirmative Defenses, he argued they did not specifically identify the negligent "non-party" as required in Nash v. Wells Fargo Guard Services, Inc., 678 So.2d 1262, 1264 (Fla.1996). Three agreed orders were entered on these motions striking all of the affirmative defenses of third party negligence. As to UMC, the order reserved the right of UMC to add the Fabre Affirmative Defense at a later date. As to Stav's and Stav, P.A.'s they agreed to amend their Fabre Affirmative Defenses within ten days.
Stav and Stav, P.A. subsequently filed their Amendment to Answer and Affirmative Defenses by Interlineation. Both of the new affirmative defenses asserted as follows:
44. As his [or its] Second Affirmative Defense STAV [or STAV P.A .] asserts that Plaintiff's injuries or damages, if any, arising from the alleged incident, were solely the result of negligence, omission, wanton care, misuse or other conduct or fault of RALPH GUARNERI, M.D. and/or DOCTORS GENERAL HOSPITAL. Accordingly, if STAV [or STAV, P.A.] is liable to Plaintiff, such liability should only be for that portion of damages, if any, due to his fault and not due to the fault of others, over whom STAV [or STAV, P.A.] has or had no control. DR. GUARNERI was the surgeon who performed the operation in this matter and DOCTORS GENERAL HOSPITAL is vicariously liable for the actions of DR. GUARNERI.
After certain discovery had been completed, Phillips filed a motion for summary judgment. He sought a summary judgment on all affirmative defenses asserting the decedent's comparative negligence and all Fabre defenses.[2]
The trial court granted Phillips' motion for summary judgment holding that it is "ORDERED and ADJUDGED that said Motion is hereby granted as to all Affirmative Defenses alleging negligence, comparative negligence and third party negligence affirmatively pled by Universal Medical Center and Ralph Guarneri, M.D...." (emphasis added). Stav and Stav, P.A. were not mentioned. Summary judgment was granted on July 9, 1998.
On August 11, 1998, Phillips, Stav and Stav, P.A. reached a settlement and filed a joint stipulation of dismissal. On October 27, 1998, Phillips and UMC reached a settlement and filed a joint motion and order *707 of dismissal. Thereafter, the case was reset for trial on January 11, 1999.
On December 17, 1998, Guarneri filed a motion to amend his answer to allege as an affirmative defense the negligence of UMC. The motion was denied.[3] Trial was not held on January 11, 1999, and after a series of resets, the trial did not commence until May 8, 2000.
Phillips filed a pretrial motion in limine to exclude the "empty chair"[4] argument. The trial court granted the motion subject to submission of case law by Guarneri. The trial began and after Phillips presented the testimony of Guarneri and a nurse, there was further argument to the court concerning the "empty chair" issue.
During this discussion, the trial court came to the conclusion that when he granted the summary judgment as to the various affirmative defenses, he made the determination that UMC and Guarneri were not negligent. The significant portion of the discussion is best depicted in the following colloquy:
The Court: ... I've entered an order that the doctor, that the doctor has no affirmative third party negligence claim against the hospital and I've ordered that the hospital doesn't have a third party negligence claim against the doctor. So let's all go home. That's what has dawned on me, is that if I granted both the doctor and the hospital's motions, the Plaintiffs motion defines Summary Judgment, find a Summary Judgment that there were no third party negligence, we're going home.
Plaintiff's counsel: Your Honor, the issue still is the negligence of Dr. Guarneri.
The Court: Oh, no. The hospital alleged that the doctor was a third party tortfeasor and the doctor said, no, the hospital is the third party tortfeasor. When you entered your Motion for Summary Judgment listing both the doctor and the hospital, I found that the doctor was not a third party tortfeasor and the hospital wasn't a third part tortfeasor.
Plaintiff's counsel: Dr. Guarneri has never pled in his affirmative defense that there was any negligence against any third parties. He merely pled affirmatively that there was negligence on the part of the Decedent and he pled that there was negligence on the part of my client, Mr. Phillips. He never alleged any negligence against anyone else.
* * *
The Court: Basically what I found by granting your Motion for Summary Judgment is that they did not meet of [sic] requirements of Wells v. Nash, they did not plead third party negligence, and, therefore, there is no third party Fabre Defendants out there. Your motion and your order have effectively found that Dr. Guarneri is not negligent and neither is the hospital.
The trial court reasoned as to Guarneri's liability that by granting a summary judgment for Phillips as to any affirmative defense alleging negligence of third parties the summary judgment was a determination on the merits that Guarneri was not *708 negligent because Guarneri was a third party tortfeasor vis-a-vis UMC.
The trial court offered Phillips the opportunity to vacate the summary judgment and restore the parties to their position or suffer a directed verdict. Phillips refused. A directed verdict was then entered in favor of Guarneri.
The trial court was in error when it concluded that granting Phillips' motion for summary judgment had the effect of determining on its merits that Guarneri was not negligent. Although Phillips' motion for summary judgment was extremely broad in its scope, the order on the motion for partial summary judgment was granted as to "all affirmative defenses alleging negligence, comparative negligence and third party negligence affirmatively pled by Universal Medical Center and Ralph Guarneri, M.D." The record is clear that at the time the order on the plaintiffs motion for partial summary judgment was granted, UMC and Guarneri had not pled the negligence of each other as an affirmative defense.
Since UMC had not pled Guarneri's negligence as an affirmative defense, there had never been a determination on the merits as to whether Guarneri was negligent or that his negligence, if any, resulted in Sylvia Phillip's death. Phillips' motion for partial summary judgment could not preemptively exclude Fabre defendants which had not yet been pled.
Furthermore, the partial summary judgment did not preclude Guarneri from amending his answer to allege the negligence of UMC as an affirmative defense in accord with the holding in Nash.
In Nash, our supreme court stated:
We agree and now hold that in order to include a nonparty on the verdict form pursuant to Fabre, the defendant must plead as an affirmative defense the negligence of the nonparty and specifically identify the nonparty. The defendant may move to amend pleadings to assert the negligence of a nonparty subject to requirements of Florida Rule of Civil Procedure 1.190. However, notice prior to trial is necessary because the assertion that noneconomic damages should be apportioned against a nonparty may affect both the presentation of the case and the trial court's rulings on evidentiary issues.
Nash, 678 So.2d at 1264. Nash clearly contemplates Guarneri's motion to amend its answer to allege negligence of UMC as a non-party after the settlement between Phillips and UMC.
Guarneri asserts that the trial court's decision should be affirmed for two reasons. First, Guarneri reasons that Phillips invited the error and, therefore cannot be heard to complain. The trial court offered Phillips, as an alternative to entry of a directed verdict, the option to vacate the summary judgment and permit UMC to be placed on the verdict form, but Phillips refused. This argument assumes the trial court correctly interpreted the effect of the order on the partial summary judgment. Since we conclude that the trial court erred in this regard, Phillips was not required to accept the court's invitation to set aside the partial summary judgment and therefore did not invite the error.
Second, Guarneri argues that the directed verdict was harmless error at most because the record evidence in the case "uniformly establishes that the decedent's demise was not related to the care and treatment given by Dr. Guarneri." This argument is totally without merit. At the time the directed verdict was entered, Phillips had not completed the presentation of his case in chief. The only witnesses that had been called were Dr. Guarneri and a nurse. There were numerous other witnesses to be called by Phillips *709 including experts who would attest to Dr. Guarneri's deviation from an accepted standard of care in the treatment of the decedent. Whether Guarneri was negligent was a question of fact for the jury. Until Phillips was given the opportunity to present his whole case, there is no way to conclude that the decedent's demise was not related to the care and treatment given by Dr. Guarneri. To direct a verdict prior to the completion of Phillips' case in chief constitutes a denial of due process of law. See Zerillo v. Snapper Power Equip., 562 So.2d 819, 820 (Fla. 4th DCA 1990). There can be no doubt the error was harmful.
We reverse and remand for a new trial.
WARNER, C.J., and STEVENSON, J., concur.
NOTES
[1] See Fabre v. Marin, 623 So.2d 1182 (Fla. 1993). Fabre defendants are non-parties which are alleged by a party defendant to be wholly or partially negligent and should be placed on the verdict form so there can be an apportionment of fault against them for noneconomic damages, pursuant to section 768.81(3), Florida Statutes (1995).
[2] At the time of the hearing on the motion for summary judgment, UMC and Guarneri had not alleged any Fabre defenses and Stav and Stav, P.A. had specifically alleged the negligence of UMC and Guarneri which were not Fabre defendants because UMC and Guarneri were parties to the litigation.
[3] Guarneri does not cross-appeal as error the trial court's denial of this motion.
[4] This refers to the argument that some nonparty is the sole legal cause of the harm alleged but, unlike a Fabre defendant, this non-party is not placed on the verdict form and there is no apportionment of fault. See Loureiro v. Pools by Greg, Inc., 698 So.2d 1262 (Fla. 4th DCA 1997).