920 So.2d 1168 (2006)
KAY'S CUSTOM DRAPES, INC., Appellant,
v.
Elsa GARROTE and Rogelio Garrote, and Designs by Dalia, Appellees.
No. 3D04-2972.
District Court of Appeal of Florida, Third District.
February 15, 2006.
*1169 Hardeman & Simon and Donald W. Hardeman, Jr.; Hicks & Kneale and Richard A. Warren, Miami, for appellant.
Lidsky, Vaccaro & Montes and Juan Lazaro Fernandez; Deutsch & Blumberg and James C. Blecke, Miami, for appellees, Elsa and Rogelio Garrote; Golden, Grimes & Ocariz and Humberto H. Ocariz, for appellee, Designs by Dalia.
Before WELLS and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
WELLS, Judge.
A property owner/landlord in a premises liability action appeals from a final judgment in favor of a tenant's invitee. We affirm the finding of liability against the owner/landlord but for the following reasons reverse for a new trial to apportion fault between the owner/landlord and the tenant and for a new trial on damages.
Kay's Custom Drapes, Inc. is the owner of a two-story warehouse condominium. Kay's operates its business from the second floor of the warehouse and rents the first floor to Designs by Dalia, Inc. Both businesses are accessed by the same ground-floor doorways.
On the evening of September 18, 2001, Elsa Garrote visited Dalia's. To enter the premises, Garrote had to step across a 12-inch high board that Kay's had installed at the bottom of the doorway. Dalia's owner told Garrote that the boards had been installed to prevent water intrusion from the frequent flooding that they were experiencing and stated that she believed the boards were dangerous.
*1170 Later that evening, as Dalia's owner and Garrote were leaving, Garrote opened a side door, tripped over the board that Kay's had installed in that doorway, and suffered fractures to her ulna shaft and radial head. Garrote ultimately was diagnosed with a permanent impairment rating of between 14 to 18 percent.
Garrote and her husband filed suit against Kay's seeking damages for the injuries that Garrote sustained in this incident. Kay's answered the Garrotes' complaint and thereafter asserted the affirmative defense that "the alleged accident and damages were caused in whole or part by the negligence of Dalia Martinez," making Dalia a Fabre defendant.[1] The Garrotes later amended their complaint to add Dalia's as a defendant, asserting in part that if Dalia's owed a duty to Garrote, Dalia "failed to properly warn of a dangerous condition created by co-defendant Kay's." In Kay's answer to this second amended complaint, Kay's stated that it was "without knowledge" as to this allegation, however Kay's did not reassert Dalia's negligencewhich was now being asserted by the plaintiffs.
Dalia's thereafter moved for summary judgment arguing that the Garrotes had failed to state a cause of action against it because the Garrotes had alleged only that "according to Kay's Custom Drapes, Inc.', [Dalia] is responsible for the injuries sustained by plaintiffs." The Garrotes filed a motion in limine to prevent Kay's from asserting Dalia's liability, arguing that Kay's failure to assert an affirmative defense alleging Dalia's negligence had waived that defense.
Four days before trial was to commence, Dalia's reprised its argument regarding the Garrotes' alleged failure to state a cause of action, this time in a motion for judgment on the pleadings or to dismiss. Dalia's also argued that Kay's lacked standing to oppose the motion because Kay's had failed to assert Dalia's negligence as an affirmative defense. The Garrotes filed a second motion in limine, reasserting their argument that Kay's failure to plead a defense against Dalia's precluded Kay's from establishing Dalia's negligence.
On the morning of the trial, the trial judge granted the Garrotes' motion in limine. The trial judge then granted Dalia's motion for judgment on the pleadings. Kay's moved for leave to amend its answer to re-assert its Fabre defense against Dalia's. That motion was denied, effectively precluding Kay's from asserting its claim of negligence against Dalia's at trial.[2] *1171 Kay's claims here that the trial court's refusal to permit it to amend to assert a Fabre defense constitutes reversible error. We agree.
Rule 1.190 (a) of the Florida Rules of Civil Procedure expressly states that leave to amend "shall be given freely when justice so requires." Fla.R.Civ.P. 1.190(a). That is precisely why the "[r]efusal to allow an amendment is an abuse of the trial court's discretion `unless it clearly appears that allowing the amendment would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile.' State Farm Fire & Cas. Co. v. Fleet Fin. Corp., 724 So.2d 1218, 1219 (Fla. 5th DCA 1998)." Kimball v. Publix Super Markets, Inc., 901 So.2d 293, 296 (Fla. 2d DCA 2005).
There is no claim either that Kay's abused the amendment privilege or that amendment would be futile. To the contrary, amendment was essential. See § 768.81(3)(d), Fla. Stat. (2004) (requiring defendants seeking to impute fault to a negligent non-party to plead such a defense). Certainly, no prejudice was demonstrated. The Garrotes knew all along, by virtue of the Fabre defense asserted by Kay's in response to the original complaint, that Kay's intended to assert Dalia's negligence. Under the circumstances, refusal to allow Kay's to amend to assert its Fabre defense was an abuse of discretion mandating reversal for a trial to apportion fault, if appropriate, between Kay's and Dalia's.
We also find the jury's $55,000 award for future medical expenses and $396,000 award for future lost earnings unsupported by the evidence. We therefore reverse the damage awards and remand for a new trial on damages. See Kloster Cruise Ltd. v. Grubbs, 762 So.2d 552 (Fla. 3d DCA 2000)(reversing and remanding for retrial where evidence did not support jury's award for future medical expenses for hip replacement).
As to the trial court's ruling concerning expert Black, we find no error. See Edward J. Seibert, A.I.A., Architect and Planner, P.A. v. Bayport Beach and Tennis Club Ass'n, 573 So.2d 889 (Fla. 2d DCA 1990). We therefore affirm the liability judgment against Kay's in the Garrotes' favor but reverse for a trial to apportion fault between Kay's and Dalia's and for a new trial on damages.
NOTES
[1] See Fabre v. Marin, 623 So.2d 1182 (Fla. 1993); Vucinich v. Ross, 893 So.2d 690, 694 (Fla. 5th DCA 2005) (citation omitted) (explaining "Fabre defendants are non-parties which are alleged by a party defendant to be wholly or partially negligent and should be placed on the verdict form so there can be an apportionment of fault against them for non-economic damages").
[2] Section 768.81(3)(d) of the Florida Statutes requires a defendant seeking to impute fault to a negligent non-party to plead such a defense. § 768.81(3)(d), Fla. Stat. (2004). The affirmative defense became necessary and amendment appropriate when the action against co-defendant Dalia's was dismissed. See Harlan Bakeries, Inc. v. Snow, 884 So.2d 336, 338 (Fla. 2d DCA 2004)(footnote omitted)(citing Fabre, and observing: "[co-defendant] Einstein settled with [plaintiff] Snow shortly before trial, and thus the court dismissed Einstein from the lawsuit. Subsequently, the court allowed [co-defendant] Harlan to place Einstein on the verdict form as a Fabre defendant. Harlan was also permitted to amend its answer to specifically allege Einstein's negligence as an affirmative defense"); see also Phillips v. Guarneri, 785 So.2d 705, 708 (Fla. 4th DCA 2001)(citing Nash v. Wells Fargo Guard Services, Inc., 678 So.2d 1262 (Fla.1996), and observing that Nash, "clearly contemplates [defendant] Guarneri's motion to amend its answer to allege negligence of [co-defendant] UMC as a non-party after the settlement between [plaintiff] Phillips and UMC").