# Third District Court of Appeal

## State of Florida

Opinion filed March 4, 2015.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D14-701
Lower Tribunal No. 13-11401

————————

**Hilda Guevara,**
Appellant,

vs.

**Rodo Guevara, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Maria E. Dennis, Judge.

Jay M. Levy; Ira B. Price, for appellant.

Pollack & Rosen, P.A., and Mark E. Pollack, for appellees.

Before WELLS, ROTHENBERG, and LAGOA, JJ.

PER CURIAM.

The appellant, Hilda Guevara ("Hilda"), appeals from the trial court's order dismissing her Petition and Independent Action to set Aside Final Judgment and Other Relief (the "Petition") with prejudice. We reverse in part and affirm in part.

Hilda and appellee, Rodo Guevara ("Rodo"), entered into a marital settlement agreement (the "MSA") in 2005. Among other things, the MSA contained a provision that the parties would continue to own an apartment building located in Miami (the "apartments") as tenants in common but that Rodo would have the right to purchase Hilda's interest in the apartments for $250,000 at any time within the first three years from the date of execution of the MSA. A final judgment of dissolution, approving and ratifying the MSA, was entered on February 14, 2006. In 2013, Hilda filed the instant Petition seeking to set aside the final judgment of dissolution and the MSA on the basis of fraud. Additionally, concerning the apartments, Hilda alleged that Rodo orchestrated a "sham sale" of her interest in the apartments, and that she never received the $250,000 in exchange for her interest in the apartments as provided for in the MSA. To that end, Hilda alleged claims in the Petition for declaratory relief and cancellation of quit claim deed, accounting, and slander of title. Rodo and the other defendants filed a motion to dismiss, and the trial court subsequently entered an order dismissing the Petition with prejudice.

We find that the trial court abused its discretion in dismissing the Petition with prejudice with regard to Hilda's claim that she did not receive the $250,000 in exchange for her interest in the apartments as provided for in the MSA. See Fla. R. Civ. P. 1.190 (a) (stating that "[l]eave of court [to amend a pleading] shall be given freely when justice so requires"); see also Grove Isle Ass'n, Inc. v. Grove

2

Isle Assocs., LLLP, 137 So. 3d 1081, 1095 (Fla. 3d DCA 2014); Kay's Custom Drapes, Inc. v. Garrote, 920 So. 2d 1168, 1171 (Fla. 3d DCA 2006).  As it relates to all other claims raised in the Petition, however, we affirm the trial court's order dismissing the Petition with prejudice.  On remand, Hilda shall be permitted to amend only with regard to her claim that she did not receive the $250,000 to which she is entitled under the MSA.

Affirmed in part, reversed in part, and remanded.