# Third District Court of Appeal

## State of Florida

Opinion filed July 27, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1576
Lower Tribunal No. 17-17150
_____

**Rosemary Olsen, etc.,**
Appellant,

vs.

**Philip Morris USA, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

The Alvarez Law Firm, and Alex Alvarez, Michael Alvarez, Philip Holden, and Nicholas Reyes; David J. Sales, P.A., and David J. Sales (Sarasota), for appellant.

Shook, Hardy & Bacon LLP, and Frank Cruz-Alvarez and Melissa N. Madsen and Scott A. Chesin (New York, NY); Arnold & Porter Kaye Scholer LLP, and Geoffrey J. Michael (Washington, DC), for appellee.

Before EMAS, SCALES and GORDO, JJ.

EMAS, J.

In this Engle-progeny case, Rosemary Olsen (the personal representative for her husband's estate) appeals from a final judgment, following a jury trial in which the jury found in favor of Philip Morris USA, Inc. The jury found in favor of Philip Morris on the first (and threshold) question on the verdict form: "Was Harry Olsen addicted to cigarettes containing nicotine and, if so, was such addiction a legal cause of his atherosclerotic coronary heart disease and/or cerebrovascular disease?" Having answered this question in the negative, the verdict form advised the jury that "your verdict is for Philip Morris USA Inc., and you should proceed no further except to date and sign this verdict form and return it to the courtroom."

The trial court thereafter entered final judgment in favor of Philip Morris, and denied Olsen's motion for new trial.

On appeal, Olsen contends the trial court abused its discretion in permitting Philip Morris to improperly impeach Mrs. Olsen and in overruling objections to arguments by Philip Morris' counsel which (Mrs. Olsen asserts) "suggested Mrs. Olsen's trial counsel had procured false testimony from Mrs. Olsen to defeat Philip Morris' defense of limitations, and to explain errors in her earlier, sworn statements."

We have thoroughly reviewed the record, including the examination and cross-examination of Olsen, as well as the comments and arguments

2

complained of by Olsen. In context, and considered with the entire record of the trial proceedings, we find no abuse of discretion in the trial court's actions in permitting the impeachment of Olsen, in overruling objections to Philip Morris' arguments to the jury, and in denying Olsen's motions for mistrial and new trial. See, e.g., De la Portilla v. State, 877 So. 2d 871, 874 (Fla. 3d DCA 2004) (A trial court "has control over the scope of cross-examination" and its rulings "are not subject to review unless there is a clear abuse of discretion"); R.J. Reynolds Tobacco Co. v. Calloway, 201 So. 3d 753, 764 (Fla. 4th DCA 2016) ("If the issue of an opponent's improper argument has been properly preserved by objection and motion for mistrial, the trial court should grant a new trial if the argument was 'so highly prejudicial and inflammatory that it denied the opposing party its right to a fair trial.'" (quoting Engle v. Liggett Grp., Inc., 945 So. 2d 1246, 1271 (Fla. 2006))). Philip Morris USA, Inc. v. Ledoux, 230 So. 3d 530, 538 (Fla. 3d DCA 2017) ("We review the trial court's denial of a motion for mistrial and motion for new trial for an abuse of discretion"). And as this Court has recognized, when analyzing whether a trial court abused its discretion in ruling on a motion for new trial, appellate

courts traditionally defer to the superior vantage point enjoyed by the trial court. <u>Tanner v. Beck</u>, 907 So. 2d 1190, 1196 (Fla. 3d DCA 2005).[1]

Affirmed.

---

[1] To the extent appellant's claims of improper impeachment and improper argument relate to Philip Morris' statute of limitations and <u>Fabre</u> defenses, any purported error was harmless: because the jury answered "no" to the first question on the verdict form—"Was Harry Olsen addicted to cigarettes containing nicotine and, if so, was such addiction a legal cause of his atherosclerotic coronary heart disease and/or cerebrovascular disease?"— the jury never considered the defenses addressed within the verdict form's remaining questions. <u>See</u> <u>Special v. W. Boca Med. Ctr.</u>, 160 So. 3d 1251 (Fla. 2014); <u>Samiian v. Johnson</u>, 302 So. 3d 966, 981 (Fla. 1st DCA 2020) ("Ultimately, the jury never reached the issue of damages given its determination that FPIC did not act in bad faith and that the Foley Defendants were not negligent. Therefore, even if it could be said that the trial court committed error as to the issue of damages, any error would be harmless"); <u>Loureiro v. Pools by Greg, Inc.</u>, 698 So. 2d 1262 (Fla. 4th DCA 1997) (finding that, although the trial court erred in including nonparties on the verdict form, such error was harmless because the jury found contractor was not negligent and, as a result, did not consider any fault of nonparties).